OPINION
{¶ 1} This accelerated appeal arises from the Geauga County Court of Common Pleas, wherein appellant, Molly A. Thomas, appeals the judgment of the trial court, dismissing her claims based upon the expiration of the statute of limitations.
 {¶ 2} The underlying action arises out of a motor vehicle accident that occurred between appellant and appellee, Frank J. Galinsky, on March 7, 2000, in Concord Township, Ohio.
 {¶ 3} On March 26, 2002, appellant filed her complaint in Geauga County Court of Common Pleas claiming she suffered personal injuries as a result of the motor vehicle accident. She also asserted a negligence claim against appellee. In addition, appellant's husband, Bret A. Thomas, filed a loss of consortium claim against appellee.
 {¶ 4} On June 7, 2002, appellee filed a motion to dismiss, contending that appellant failed to file her complaint within the two-year statute of limitations for personal injury actions, pursuant to R.C. 2305.10. The parties both stipulated that appellee had been out of the state of Ohio for a period of eighteen days between March 7, 2000 and March 7, 2002.
 {¶ 5} At the conclusion of briefing on the matter, the trial court granted appellee's motion to dismiss, as it applied to appellant's personal injury and negligence claims. The loss of consortium claim remained intact. On September 23, 2003, Plaintiff Bret A. Thomas settled his loss of consortium claim and filed a stipulation of dismissal with the trial court. Appellant subsequently filed her notice of appeal, presenting a single assignment of error:
 {¶ 6} "The trial court erred to the prejudice of plaintiff-appellant when it dismissed plaintiff's claims based on the statute of limitations."
 {¶ 7} Appellant cites Civ.R. 6(A) and R.C. 1.45 in support of her contention that the trial court erred in dismissing her claims on statute of limitations grounds. Before addressing those, we turn to R.C. 2305.10, governing the statute of limitations for personal injury actions. R.C. 2305.10 reads, in pertinent part:
 {¶ 8} "An action for bodily injury or injury to personal property shall be brought within two years after the cause thereof arose."
 {¶ 9} Civ.R. 6(A) pertains to the computation of time for statute of limitations purposes. It reads, in part:
 {¶ 10} "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday[.]"
 {¶ 11} Appellant also cites R.C. 1.45, governing computation of time, which reads:
 {¶ 12} "If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month."
 {¶ 13} Appellant contends that since, according to Civ.R. 6(A), the calculation for statute of limitations purposes began on the day after the accident, or March 8, 2000, the statute of limitations for her personal injury cause of action does not expire until two years from that numerical date, or March 8, 2002. Thus, when adding the eighteen days for which appellee was out of the state, the final day for filing her cause of action should have been on March 26, 2002, which was the day the action was filed.
 {¶ 14} We note, and appellant concedes in her brief, that this rationale is contrary to the relevant case law involving statute of limitations calculations. In Schon v. Natl. Tea Co.,
the Seventh Appellate District held that, "`[i]n computing a period of one year from the happening of a particular event, the year begins the day following the day the event occurred and ends at the close of the first anniversary of the day the event occurred.'"[1]
 {¶ 15} Moreover, this court has held that, pursuant to Civ.R. 6(A), the statute of limitations accrues on the day of the accident, but computation begins on the day after the incident, however, in applying the two-year statute of limitations set forth in R.C. 2305.10 for personal injury actions, that statute of limitations would expire on the two-year anniversary date of the incident.[2]
 {¶ 16} Therefore, the computation of time for statute of limitations purposes in the instant case is as follows. The accident occurred on March 7, 2000. The accrual date for statute of limitations purposes began on that day. However, in accordance with Civ.R. 6(A), computation began on the next day, March 8, 2000. Pursuant to our holding in Johnson v. Allied Signal,Inc., the statute of limitations expired on the two-year anniversary date of the incident, or March 7, 2002. Finally, factoring in the eighteen days for which both parties stipulated appellee was out of the state, the final filing date was March 25, 2002.
 {¶ 17} Appellant filed her personal injury action on March 26, 2002, one day after the statute of limitations expired. Thus, we conclude that the trial court did not err in dismissing, with prejudice, appellant's claim on statute of limitations grounds.
 {¶ 18} Appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.
Christley, J. and Grendell, J. concur.
[1] (Citation omitted.) Schon v. Natl. Tea Co. (1969),19 Ohio App.2d 222, 224.
[2] (Citation omitted.) Johnson v. Allied Signal, Inc. (Oct. 8, 1999), 11th Dist. No. 98-P-0063, 1999 Ohio App. LEXIS 4797, at *5.