RICKER, Appellant,

v.

**FRAZA/FORKLIFTS OF DETROIT, Appellee.**

[Cite as *Ricker v. Fraza/Forklifts of Detroit,* 160 Ohio App.3d 634, 2005-Ohio-1945.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–582.

Decided April 26, 2005.

636

Law Offices of Russell A. Kelm, Russell A. Kelm, Cynthia L. Dawson, and Joanne W. Detrick, for appellant.

James I. Weprin and Tara C. Dancing, for appellee.

LAZARUS, Judge.

{¶ 1} Plaintiff-appellant, J. Griffin Ricker, appeals from a decision of the Franklin County Court of Common Pleas, dismissing his complaint against defendant-appellee, Fraza/Forklifts of Detroit ("Fraza"), for lack of personal jurisdiction.

{¶ 2} Ricker initiated this action with a complaint seeking damages for breach of an oral contract to provide insurance consulting services. The complaint alleges that Ricker is an insurance consultant with his principal place of business located in Hilliard, Ohio, and Fraza is a Delaware corporation with its principal place of business located in Roseville, Michigan. The complaint further alleges that, in 2002, Fraza hired Ricker to provide insurance consulting services, and agreed to pay Ricker $30,000 if business insurance was obtained through the efforts of Ricker. Such payments would apply to subsequent annual renewals of insurance. Ricker obtained insurance coverage for Fraza from Universal Underwriters Group for 2002. Fraza paid Ricker for his consulting services in 2002 but did not pay for the 2003 renewal.

{¶ 3} Fraza responded to the complaint by moving for dismissal based upon lack of personal jurisdiction, pursuant to Civ.R. 12(B)(2). The motion generally argued that Fraza's principal place of business, a construction equipment dealership, was located in Michigan, and that dealings between the parties, particularly in-person meetings, took place in Michigan. The trial court granted the motion to dismiss, finding that, although the court had personal jurisdiction over Fraza pursuant to Ohio's long-arm statute, R.C. 2307.382(A)(1), and Civ.R. 4.3(A)(1), the dealings of the parties in Ohio did not meet the standard of minimum contacts

such that maintenance of a suit in Ohio would comport with "traditional notions of fair play and substantial justice" under *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95.

{¶ 4} Ricker has timely appealed and brings the following assignment of error:

I.   The trial court erred in granting defendant's motion to dismiss for lack of personal jurisdiction.

{¶ 5} The trial court in this case did not hold an evidentiary hearing on Fraza's motion to dismiss for lack of personal jurisdiction.   Where a trial court determines its jurisdiction without such an evidentiary hearing, it must view the allegations in the pleading and documentary evidence presented by the parties in the light most favorable to the nonmoving party, resolving all reasonable competing inferences in favor of the nonmoving party. *KB Circuits, Inc. v. BECS Technology, Inc.* (Jan. 18, 2001), Franklin App. No. 00AP–621, 2001 WL 40584. In addition, where the trial court does not hold an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction to withstand a motion to dismiss." *Giachetti v. Holmes* (1984), 14 Ohio App.3d 306, 307, 14 OBR 371, 471 N.E.2d 165; *KB Circuits*, supra.   An appellate court's review of a decision granting a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction is made de novo.   Id.

{¶ 6} In Ohio, the first step in a determination of whether a state court has personal jurisdiction of a nonresident defendant is whether R.C. 2307.382 and Civ.R. 4.3 confer jurisdiction.   If the statute and rule confer jurisdiction, the next step is a determination of whether invoking personal jurisdiction would deprive the defendant of due process of law under the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048.

{¶ 7} Ohio's long-arm statute, R.C. 2307.382(A)(1), provides:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state.

{¶ 8} Civ.R. 4.3(A)(1) is the complementary rule governing service of process outside Ohio:

**When service permitted.**   Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from the state.   "Person" includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity,

who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:

(1) Transacting any business in this state.

{¶ 9} The term "transacting any business" as used in both the statute and rule will be given broad interpretation. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477. As used in R.C. 2307.382 and Civ.R. 4.3, "transact" encompasses "to carry on business" and "to have dealings" and is broader than the word "contract." *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 236, 638 N.E.2d 541. "With no better guidelines than the bare wording of the statute to establish whether a nonresident is transacting business in Ohio, the court must, therefore, rely on a case-by-case determination." *U.S. Sprint*, 68 Ohio St.3d at 185, 624 N.E.2d 1048.

{¶ 10} The parties relied principally upon affidavits in support of and opposition to the motion to dismiss. Fraza provided the affidavit of Brian Herring, vice president and chief financial officer of the company, who averred that Fraza had its principal place of business in Roseville, Michigan, did not advertise in Ohio, and did no business in Ohio. Herring further averred that Ricker had contacted him by telephone at Herring's office in Michigan, and all personal meetings between Ricker and Fraza took place in Herring's office in Michigan.

{¶ 11} The affidavit of Ricker, submitted in opposition to the motion to dismiss, averred to the contrary that Herring initiated the contact between the parties with a phone call to Ricker at his office in Hilliard, Ohio.

{¶ 12} Ricker's affidavit does not contradict Herring's assertion that all personal meetings took place in Michigan and that the parties otherwise communicated by telephone or e-mail.

{¶ 13} Solicitation of business by an out-of-state corporation is a factor to be assessed in determining whether the foreign company was transacting business in Ohio for purposes of submitting to personal jurisdiction. *U.S. Sprint*, 68 Ohio St.3d at 185, 624 N.E.2d 1048. In this case, there is a factual dispute between the averments of the parties as to whether it was Fraza or Ricker who initiated business contacts. Fraza asserts that Ricker followed up on a referral by telephoning Herring in Michigan; Ricker asserts to the contrary that Herring initiated the contact with a phone call to Ricker in Ohio. Because the trial court decided the matter without conducting an evidentiary hearing, we must view allegations in the pleadings and documentary evidence in the light most favorable to the nonmoving party, Ricker, and resolve reasonable competing inferences in his favor. *KB Circuits*, supra. We will accordingly presume for purposes of the motion to dismiss that Fraza initiated the parties' business dealings in Ohio.

{¶ 14} The question of who initiated the business dealings is not, however, of itself determinative as to whether Fraza transacted business in Ohio and submitted to personal jurisdiction. *U.S. Sprint*, 68 Ohio St.3d at 185, 624 N.E.2d 1048. We must consider the balance of the evidence to determine in which jurisdiction the parties undertook their discussions and communications, and on what terms. Because the provisions of Ohio's statute and rule relating to "transacting business" are broadly worded and permit the court to exercise jurisdiction not only in contract cases but cases in which only preliminary negotiations were involved, the absence of a written contract formally executed by the parties in this case is not determinative. *Kentucky Oaks Mall*, 53 Ohio St.3d at 75, 559 N.E.2d 477. It also appears to be undisputed that Fraza submitted payment for the initial year's fee charged by Ricker at Ricker's Ohio office, a factor in determining whether the nonresident business has contracted business in Ohio. *Hammill Mfg. Co. v. Quality Rubber Products, Inc.* (1992), 82 Ohio App.3d 369, 612 N.E.2d 472. Because we are to construe the statute and rule broadly in determining whether the nonresident company has transacted business, these facts, on the whole, support the trial court's initial finding that Fraza had transacted business in Ohio within the meaning of R.C. 2307.382(A)(1) and Civ.R. 4.3 and that Ricker therefore made a prima facie showing under the first prong of the *U.S. Sprint* test.

{¶ 15} Under the second prong of the *U.S. Sprint* test, we must determine whether asserting personal jurisdiction over Fraza in Ohio courts would deprive Fraza of due process of law under the Fourteenth Amendment to the United States Constitution. Personal jurisdiction may be asserted over a nonresident defendant only if the defendant has had minimum contacts in the forum state so that "the suit does not offend traditional notions of fair play and substantial justice." *Internatl. Shoe*, 326 U.S. at 316, 66 S.Ct. 154, 90 L.Ed. 95. The requirement of minimum contacts in the forum state by a defendant protects the nonresident defendant against the burdens of litigating in a distant or inconvenient forum not contemplated by the parties, and insures that the states do not encroach on each other's sovereign interests. *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490. Ohio's courts should be considered to have jurisdiction to the full extent permitted by federal due process standards. *Columbus Show Case Co. v. CEE Contracting, Inc.* (1992), 75 Ohio App.3d 559, 564, 599 N.E.2d 881.

{¶ 16} To establish sufficient minimum contacts under the due process clause, a plaintiff must demonstrate (1) that the defendant purposefully availed himself of the privilege of acting in the forum state or caused a consequence in the forum state, (2) the cause of action arose from the defendant's activities in the forum state, and (3) the acts of the defendant or consequences

caused by the defendant had a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Fritz–Rumer–Cooke Co., Inc. v. Todd & Sargent* (Feb. 8, 2001), Franklin App. No. 00AP–817, 2001 WL 102267, citing *Calphalon Corp. v. Rowlette* (C.A.6, 2000), 228 F.3d 718, 721. Thus, if the defendant has deliberately engaged in significant activities within state or created continuing obligations between himself and residents of the forum, he has availed himself of the privilege of conducting business in the forum state, his activities are shielded by the benefits and protections of the forum state's laws, and it is not unreasonable to require such a defendant to submit to the burdens of litigation in the forum state. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 475–476, 105 S.Ct. 2174, 85 L.Ed.2d 528.

{¶ 17} Despite the absence of face-to-face meetings in Ohio, and the absence of a physical place of business by Fraza in Ohio, Ohio courts may nonetheless retain jurisdiction in this case based upon other forms of contact or communication:

> Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposely directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Columbus Show Case*, 75 Ohio App.3d at 565, 599 N.E.2d 881, quoting *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174, 85 L.Ed.2d 528.

{¶ 18} Balancing the evidence presented by the parties and construing where it conflicts in a light most favorable to Ricker, we conclude that the evidence before the trial court in this case was sufficient to survive Fraza's motion to dismiss. Despite the lack of a physical presence by Fraza or meetings in Ohio, the evidence supports Ricker's assertion that a nonresident defendant had a continuous business relationship with Ricker in his Ohio office over a significant period and that electronic and telephone communication was frequently addressed to that office, followed by eventual partial payment on the purported obligation. These activities on balance support a finding that the minimum-contact standard of *Internatl. Shoe* is met and that the exercise of jurisdiction by an Ohio court would not violate Fraza's due process rights under the Fourteenth Amendment or offend traditional notions of fair play and substantial justice. The loss of convenience to Fraza of having to litigate the matter in Ohio is counterbalanced by the corresponding inconvenience for Ricker if the matter were litigated in Michigan; moreover, the case does not appear to be one likely to develop an

enormous need for Ohio testimony or documentary discovery. The relative proximity of the two states also militates against the finding of inconvenience to Fraza in being subjected to the Ohio forum.

{¶ 19} In summary, we find that Ricker, on appeal, has demonstrated that the trial court erred in applying the second prong of the *U.S. Sprint* test to find that the court lacked personal jurisdiction over Fraza, and Ricker's assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas dismissing the matter for lack of personal jurisdiction is reversed, and the matter is remanded to the court of common pleas for further proceedings in accordance with law and this decision.

Judgment reversed
and cause remanded.

PETREE and FRENCH, JJ., concur.