OPINION
{¶ 1} Plaintiff-appellant, Richard E. Schafer, appeals from a judgment of the Franklin County Court of Common Pleas that dismissed his claims against defendant-appellee Sunsports Surf Co., Inc. ("Sunsports"). For the following reasons, we affirm.
 {¶ 2} On October 17, 2001, Schafer filed suit against Sunsports, Robert J. Higgins, NK of Ohio, Inc. ("NK"), Kenneth Bucholz, and Nick Garcia. In his complaint, Schafer alleged that defendants failed to compensate him for the accounting services he provided to Sunsports and Higgins, and he demanded damages in the amount of the services rendered. This action was not the first time Schafer sought legal redress for the unpaid accounting services. Schafer pursued an earlier, virtually identical action that ended in a voluntary dismissal.
 {¶ 3} Upon receipt of Schafer's refiled complaint, the Franklin County Clerk of Courts served a summons, an original case schedule, and a copy of the complaint upon each defendant by certified mail. Although service of process was successful upon NK, Bucholz, and Garcia, the summons, schedules, and complaints sent to Higgins and Sunsports were returned to the clerk marked not deliverable.
 {¶ 4} The lack of service on Higgins and Sunsports did not impede the case against NK, Bucholz, and Garcia, and it proceeded in accordance with the original case schedule. When Schafer neglected to appear at a scheduled pre-trial conference, NK, Bucholz, and Garcia moved to dismiss the action for failure to prosecute under Civ.R. 41(B)(1). The trial court granted the motion, issuing an entry that dismissed Schafer's action on October 3, 2002. Approximately four months later, Schafer filed a motion seeking relief from the dismissal under Civ.R. 60(B), which the trial court granted. In the March 10, 2003 decision and entry that granted Schafer's Civ.R. 60(B) motion, the trial court ordered the parties to either: (1) prepare and submit a case scheduling order setting the matter for trial on or before December 31, 2003, or (2) schedule a conference with the trial court during which the trial court would set a case schedule. Regardless of which option the parties chose, the parties had until April 7, 2003 to file a case schedule.
 {¶ 5} Blatantly ignoring the trial court's order, the parties neither prepared nor filed a case schedule. Indeed, the parties made no filings whatsoever over the next two years. Then, on May 24, 2005, Schafer filed a notice of dismissal of his claims against NK, Bucholz, and Garcia. On the same day, Schafer filed an amended complaint against Higgins and Sunsports. Using an out-of-state process server, Schafer finally achieved service of process upon Higgins and Sunsports on June 24, 2005.
 {¶ 6} On December 27, 2005, Higgins, on behalf of Sunsports, filed a motion to dismiss the claims against Sunsports pursuant to Civ.R. 12(B)(2). Higgins argued that because Schafer did not serve Sunsports with the October 17, 2001 complaint within one year of its filing, Schafer never properly commenced his action under Civ.R. 3(A). Thus, Higgins maintained, the trial court failed to acquire personal jurisdiction over Sunsports. The trial court granted Higgins' motion in its March 20, 2006 decision and entry. Schafer now appeals from that judgment.
 {¶ 7} On appeal, Schafer assigns the following error:
The Trial Court erred and abused its discretion in granting Defendant-Appellee Robert J. Higgins [sic] Motion to Dismiss * * *.
 {¶ 8} By his only assignment of error, Schafer argues that the service of the amended complaint upon Sunsports brought Sunsports within the trial court's jurisdiction, even though that service occurred over four years after Schafer originally filed the instant action. We disagree.
 {¶ 9} Although Civ.R. 3(A) provided the rationale for dismissing Schafer's claims, Civ.R. 12(B)(2) served as the vehicle for effectuating the dismissal. An appellate court reviews a judgment granting a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction under the de novo standard.Joffe v. Cable Tech, Inc., 163 Ohio App.3d 479, 2005-Ohio-4930, at ¶ 10; Ricker v. Fraza/Forklifts of Detroit,160 Ohio App.3d 634, 2005-Ohio-1945, at ¶ 5.
 {¶ 10} Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * *." By its very terms, then, Civ.R. 3(A) mandates that a plaintiff must satisfy two conditions in order to commence a civil action: (1) the complaint must be filed, and (2) service must be obtained within one year from the filing. Cecil v. Cottrill (1993),67 Ohio St.3d 367, 370. In part, Civ.R. 3(A) functions as a docket-clearing device, promoting the prompt and orderly resolution of litigation. Saunders v. Choi (1984),12 Ohio St.3d 247, 250; Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157. "The rule puts litigants on notice that a reasonable time will be afforded in order to obtain service of process over defendants."Saunders at 250. If a plaintiff fails to obtain service of process within that reasonable time — one year — then a court may dismiss the action. Maryhew at 157; Apostolouski v. Sharp,
Franklin App. No. 04AP-1105, 2005-Ohio-2559, at ¶ 26.
 {¶ 11} In the case at bar, Schafer filed the instant action on October 17, 2001. Schafer did not obtain service of process on Sunsports until June 24, 2005 — well past the one-year deadline Civ.R. 3(A) imposes. Accordingly, we conclude that the trial court properly dismissed Schafer's claims against Sunsports.
 {¶ 12} Schafer, however, argues that it properly commenced its action against Sunsports when it served Sunsports with the amended complaint within a year of filing that complaint. In so arguing, Schafer relies upon Goolsby v. Anderson Concrete Corp.
(1991), 61 Ohio St.3d 549, syllabus, wherein the Supreme Court of Ohio held that:
When service has not been obtained within one year of filing of a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refilling of the complaint.
 {¶ 13} In Goolsby, the plaintiff filed a complaint with the court, but instructed the clerk to refrain from serving it. Over 17 months later, the plaintiff finally told the clerk to effect service, which the clerk did. Although the plaintiff did not obtain service of process within one year as required by Civ.R. 3(A), the court held that the plaintiff had commenced her action. The court recognized that if the plaintiff had not instructed the clerk to serve the complaint but, instead, had voluntarily dismissed her complaint and refiled it, then service would have been timely under Civ.R. 3(A). Under such circumstances, the court gave the plaintiff's instruction to serve the complaint the same effect it would have given to the refiling of the complaint, i.e., both commenced a one-year period in which to effect service of process.
 {¶ 14} Applying Goolsby, this court has held that the filing of an amended complaint is also equivalent to a refiling of the complaint. In Bank One, Columbus, NA v. O'Brien (Dec. 31, 1991), Franklin App. No. 91AP-166, we affirmed the trial court's denial of a motion to dismiss, even though the plaintiff did not obtain service of process within a year of filing its original complaint. Treating the amended complaint as a refiled complaint, we concluded that the action was properly commenced under Civ.R. 3(A) because the defendants were served within four months of the filing of the amended complaint. See, also,Triplett v. Beachwood Village, Inc., 158 Ohio App.3d 465,2004-Ohio-4905, at ¶ 28 ("the amended complaint in this action is equivalent to a refiled action for the purposes of avoiding dismissal of the case for failure of service"); Meek v. NovaSteel Processing, Inc. (1997), 124 Ohio App.3d 367, 372 (same);Fetterolf v. HoffmannL-aRoche, Inc. (1995),104 Ohio App.3d 272, 279 (same).
 {¶ 15} Although superficially applicable, the Goolsby
exception to the one-year requirement of Civ.R. 3(A) does not alter our holding in the instant case. A plaintiff is only entitled to additional time in which to file his complaint if "the subsequent refiling of [a] * * * complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A) * * *." Goolsby at syllabus. Here, Schafer could not have subsequently refiled his complaint and, thus, does not merit an additional year to obtain service. As Schafer had previously dismissed his action before bringing the instant action, a second voluntary dismissal (necessary in order to refile) would have resulted in an adjudication upon the merits of his claims. Civ.R. 41(A). Consequently, the operation of Civ.R. 41(A) would have barred Schafer from reasserting his claims in a subsequent refiling. Without the ability to refile his complaint, Schafer could not take advantage of the Goolsby exception to gain additional time in which to obtain service of process upon Sunsports.
 {¶ 16} Because Schafer did not achieve service of process on Sunsports within a year of filing his October 17, 2001 complaint, the trial court properly dismissed his claims. Accordingly, we overrule Schafer's sole assignment of error.
 {¶ 17} For the foregoing reasons, we overrule the assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Sadler and Travis, JJ., concur.