OPINION
{¶ 1} Defendants-appellants, The Committee to Elect Timothy Grendell (the "Committee"), Timothy Grendell, and John Doe, appeal from a judgment of the Franklin County Court of Common Pleas dismissing without prejudice the refiled complaint of plaintiff-appellee, Sisk 
Associates, Inc. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellee originally filed a complaint against appellants on October 23, 2004, alleging breach of contract. Appellee voluntarily dismissed, by means of a notice of *Page 2 
dismissal, the complaint on October 5, 2005. Appellee refiled its breach of contract claim against appellants on October 19, 2005. Appellee requested that the Franklin County Clerk of Court's office serve the refiled complaint on the Committee and Grendell by personal service via a foreign sheriff's office and on John Doe by certified mail. The appellants did not receive service. On February 3, 2006, appellee filed an amended complaint, but it waited until March 26, 2007, to request service of the amended complaint. On April 26, 2007, appellants filed a motion to dismiss for lack of personal jurisdiction based on appellee's failure to obtain service within one year of filing the complaint pursuant to Civ. R. 3(A).
 {¶ 3} On September 19, 2007, the trial court filed a decision and entry granting appellants' motion to dismiss as to the Committee, Grendell, and John Doe. In said decision, the trial court determined that appellee failed to obtain service within one year of filing the complaint pursuant to Civ. R. 3(A), and that appellants did not voluntarily submit to the jurisdiction of the court or waive service of process. The court analyzed whether it was necessary to dismiss the case with prejudice considering appellee had previously voluntarily dismissed its case. The court resolved that in view of the Supreme Court of Ohio decisions in Olynyk v. Scoles, 114 Ohio St.3d 56, 2007-Ohio-2878, andThomas v. Freeman (1997), 79 Ohio St.3d 221, the dismissal of the refiled complaint must be without prejudice. Consequently, the trial court dismissed without prejudice appellee's refiled complaint as to the Committee, Grendell, and John Doe.
 {¶ 4} Appellants appeal and set forth the following two assignments of errors for our review:
 1. The trial court erred in dismissing Plaintiff/Appellee's claims against Defendants/Appellants without prejudice *Page 3 
instead of dismissing the claims with prejudice because it erroneously relied upon the Ohio Supreme Court case of Olynyk v. Scoles (2007), 114 Ohio St.3d 56, 2007-Ohio-2878, which is not relevant to this case, and instead should have followed this Court's decision in Shafer v. Sunsports Surf Co., Inc. (10th
Dist. Nos. 06AP-370, 06AP-4841), 2006-Ohio-6002.
 2. The trial court erred in dismissing Plaintiff/Appellee's claims against Defendants/Appellants without prejudice instead of with prejudice because Plaintiff/Appellee failed to prosecute this case with due diligence.
(Emphasis sic.)
 {¶ 5} The central issue in this appeal is whether the trial court erred in dismissing the complaint without prejudice instead of with prejudice. Appellants argue that this court must apply Schafer v.Sunsports Surf Co., Inc., Franklin App. No. 06AP-370, 2006-Ohio-6002, and the "double-dismissal" rule in Civ. R. 41(A), to this case, and find that the complaint should have been dismissed with prejudice. Appellants contend that the trial court erroneously applied Olynyk andThomas to the facts of this case.
 {¶ 6} The last sentence of Civ. R. 41(A)(1), which sets forth the double-dismissal rule, provides that a dismissal under Civ. R. 41(A) is generally without prejudice, "except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." A dismissal with prejudice is the functional equivalent to an adjudication on the merits. See Briggs v.Cincinnati Recreation Comm. (1998), 132 Ohio App.3d 610, 611 (stating that "[a] dismissal with prejudice is a final judgment on the merits"). "Dismissal with prejudice is an extremely harsh sanction and contrary to the fundamental preference for deciding cases on their merits."First Hungarian Benefit of Barberton v. Ohio Liquor Control Comm., Franklin App. No. 05AP-625, 2005-Ohio-6621, at ¶ 8, citing Jones v.Hartranft (1997), 78 Ohio St.3d 368, 371. *Page 4 
 {¶ 7} In this case, the trial court dismissed appellee's complaint on the basis that appellee failed to obtain service on appellants. In effect, the trial court dismissed the complaint for lack of personal jurisdiction. Civ. R. 41(B)(4) states that a dismissal for lack of personal jurisdiction "operate[s] as a failure otherwise than on the merits." Furthermore, in Thomas, supra, the Supreme Court of Ohio stated that "where a case is dismissed because the court did not have jurisdiction, such as in this case where service has not been perfected, the dismissal is always otherwise than on the merits." Id. at 225.
 {¶ 8} Notwithstanding Civ. R. 41(B)(4) and Thomas, appellants argue that the dismissal should have been with prejudice in view of appellee's March 26, 2007 request for service after the one-year deadline set forth in Civ. R. 3(A).[1] Appellants contend that, although generally a dismissal for failing to establish personal jurisdiction under Civ. R. 12(B)(2) is without prejudice, this case required a dismissal with prejudice "because Appellee cannot cure its failure to obtain service within one year of filing its Re-filed Complaint and Amended Complaint as required by Civ. R. 3(A)." (Appellants' merit brief, at 7.) Appellants reason that the request for service equated to a voluntary dismissal and refiling of the complaint, and that this voluntary dismissal was appellee's second voluntary dismissal, thereby triggering the double-dismissal rule of Civ. R. 41(A).
 {¶ 9} In support of their first assignment of error, appellants rely heavily on this court's decision in Shafer, supra. In Shafer, this court was faced with the issue of whether the trial court erred in granting the defendant's motion to dismiss for lack of personal *Page 5 
jurisdiction pursuant to Civ. R. 12(B)(2).[2] The plaintiff inShafer relied upon Goolsby v. Anderson Concrete Corp. (1991),61 Ohio St.3d 549, and argued that it had properly commenced its action against the defendant when it served the defendant with an amended complaint within a year of filing that complaint. Id.
 {¶ 10} In Goolsby, the plaintiff filed a complaint but instructed the clerk of the court to refrain from serving it. Over 17 months later, and two days prior to the expiration of the statutory period for bringing the action, the plaintiff told the clerk to effect service, which was done. The issue before the Goolsby court was whether the action had been commenced before the expiration of the statutory period for bringing the action. In resolving this issue, the court reached the following conclusion:
 When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ. R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.
Id. at syllabus.
 {¶ 11} In reaching this conclusion, the Goolsby court reasoned that had the plaintiff dismissed her complaint and refiled it at the time instructions for service were given, the action would have been commenced according to Civ. R. 3(A). Additionally, the court considered the particular circumstances of the case and observed that "an application of Civ. R. 3(A) barring [the plaintiff] from obtaining a resolution on the merits would not comport with the spirit of the Civil Rules." Id. at 551, citing Peterson v. Teodosio (1973),34 Ohio St.2d 161, 175. Thus, the "rationale underlying the Goolsby case was that *Page 6 
nothing was gained by forcing a plaintiff to dismiss one lawsuit and file a new lawsuit which could be filed within the pertinent statute of limitations." Moh v. Anderson (Dec. 12, 1996), Franklin App. No. 96APE06-724.
 {¶ 12} In Shafer, this court determined that the plaintiff could not have refiled his complaint, and, therefore, the Goolsby exception to the one-year requirement of Civ. R. 3(A) did not apply. This court reasoned as follows: "[a]s [the plaintiff] had previously dismissed his action before bringing the instant action, a second voluntary dismissal (necessary in order to refile) would have resulted in an adjudication upon the merits of his claims." Shafer, at ¶ 15, citing Civ. R. 41(A).
 {¶ 13} Appellants cite Shafer for the proposition that two voluntary dismissals implicate the double-dismissal rule of Civ. R. 41(A). However, in Olynyk, the Supreme Court of Ohio clarified that two voluntary dismissals do not necessarily result in an adjudication on the merits. In Olynyk, the court outlined the three mechanisms by which a plaintiff can voluntarily dismiss his or her own case without prejudice under Civ. R. 41(A). See id. at ¶ 9. "First, the plaintiff can dismiss the case without approval of the court and without approval from any adverse party by simply filing a written notice of dismissal before the trial begins. Civ. R. 41(A)(1)(a). Second, the plaintiff can dismiss the case without court approval by filing a stipulation of dismissal agreed to by all parties. Civ. R. 41(A)(1)(b). Third, the plaintiff can ask the trial court to dismiss the case. Civ. R. 41(A)(2)." Id., citing Frysinger v.Leech (1987), 32 Ohio St.3d 38, 42-43.
 {¶ 14} The Olynyk court noted that it is well-settled that when a plaintiff files two unilateral notices of dismissal under Civ. R. 41(A)(1)(a) regarding the same claim, the *Page 7 
second notice of dismissal functions as an adjudication on the merits of that claim, regardless of any contrary language in the second notice. See id. at ¶ 10. The court additionally observed that "[b]ecause the double-dismissal rule specifically mentions `a notice of dismissal' when referring to the second dismissal, it is readily apparent that the second dismissal must be pursuant to Civ. R. 41(A)(1)(a) for the double-dismissal rule to operate." Id. at ¶ 11.
 {¶ 15} The court then analyzed the issue of whether the language in the "last sentence of Civ. R. 41(A)(1) referring to the initial dismissal (`any claim that the plaintiff has once dismissed') countenancesany previous dismissal initiated by a plaintiff under Civ. R. 41(A), or countenances only a previous dismissal under Civ. R. 41(A)(1)(a)." Id. at ¶ 11. (Emphasis sic.) As to this specific issue, the court determined that "the double-dismissal rule contained in Civ. R. 41(A)(1) does not apply to a plaintiff's dismissal of claims pursuant to Civ. R. 41(A)(2)." Id. at ¶ 31. The court also determined that when the first dismissal is by stipulation under Civ. R. 41(A)(1)(b), the double-dismissal rule is not implicated. Id. at ¶ 31. The court held: "The double dismissal rule of Civ. R. 41(A)(1) applies only when both dismissals were notice dismissals under Civ. R. 41(A)(1)(a)." Id. at syllabus.
 {¶ 16} In the case at bar, appellee, on October 5, 2005, and pursuant to Civ. R. 41(A)(1)(a), voluntarily dismissed the originally filed complaint and two weeks later refiled its breach of contract claim. On February 3, 2006, appellee filed an amended complaint. Service of the amended complaint was not requested until March 26, 2007, and appellants filed a motion to dismiss based on appellee's failure to commence the action within one year of filing the complaint. The trial court dismissed the claim, finding that *Page 8 
appellee failed to obtain service within one year of filing the complaint. Thus, the case at bar is not one in which both dismissals were notice dismissals under Civ. R. 41(A)(1)(a); the second dismissal in this case was not a notice dismissal pursuant to Civ. R. 41(A)(1)(a).
 {¶ 17} Essentially, appellants urge this court to find that appellee's request for service was the equivalent to a notice of dismissal under Civ. R. 41(A)(1)(a) for purposes of the double-dismissal rule. Although in certain circumstances a request for service could be equated to a voluntary dismissal and refiling of the complaint,[3] Olynyk makes clear that for the double-dismissal rule to apply, the voluntary dismissals must be notice dismissals under Civ. R. 41(A)(1)(a). Furthermore, in Goolsby, the Supreme Court of Ohio's decision to equate an instruction to the clerk regarding service with a refiling of the complaint was supported by the idea that cases should be resolved on their merits, not upon pleading deficiencies. Here, equating appellee's request as a notice of dismissal pursuant to Civ. R. 41(A)(1)(a) would require the application of the concept developed in Goolsby in a manner that would expand the reach of the double-dismissal rule of Civ. R. 41(A), as interpreted by the Olynyk court. For these reasons, we decline to find that appellee's request for service was the equivalent to a notice dismissal under Civ. R. 41(A)(1)(a), for purposes of determining the applicability of the double-dismissal rule.
 {¶ 18} Based on the foregoing, appellants' first assignment of error is overruled.
 {¶ 19} By their second assignment of error, appellants argue that the trial court erred in not dismissing the case with prejudice because appellee did not diligently *Page 9 
prosecute its case. Appellants contend that dismissal with prejudice was necessary considering appellee's conduct in failing to timely obtain service of process.
 {¶ 20} Civ. R. 41(B)(1) provides authority for a trial court, in its discretion, to dismiss a case for a plaintiff's failure to prosecute or to comply with a rule of civil procedure or a court order. Specifically, Civ. R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Pursuant to Civ. R. 41(B)(3), a dismissal under Civ. R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."
 {¶ 21} In Thomas, supra, the Supreme Court of Ohio held: "When a plaintiff has failed to obtain service on a defendant, whether the court dismisses the case under Civ. R. 4(E) (failure to obtain service) or Civ. R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ. R. 41(B)(4)." Id. at paragraph one of the syllabus. In the case at bar, the trial court dismissed the case without prejudice due to appellee's failure to obtain service. Other than citing appellee's failure to obtain service, appellants do not cite any conduct by appellee that would provide substantial grounds for dismissing the case pursuant to Civ. R. 41(B)(1).
 {¶ 22} Upon reviewing the record, and following Olynyk andThomas, we conclude that the trial court did not abuse its discretion in not dismissing the case with prejudice under Civ. R. 41(B)(1).
 {¶ 23} Accordingly, appellants' second assignment of error is overruled. *Page 10 
 {¶ 24} Having overruled appellants' two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER and TYACK, JJ., concur.
[1] Under Civ. R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing[.]"
[2] Contrary to appellants' suggestion, this court in Shafer did not directly address the specific issue of whether the case should have been dismissed with or without prejudice; the issue raised by the appellant's assignment of error was whether the case should have been dismissed. See id.
[3] See Goolsby. *Page 1