OPINION
{¶ 1} Plaintiff-appellant, Stacey R. Lewis ("Lewis"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court entered summary judgment against Lewis on her claim for negligence against defendant-appellee, Kelly Hayes ("Hayes"), and dismissed her claim for negligence against an individual identified in the complaint as "Joe Doe," and her claim against Hayes asserting derivative liability *Page 2 
for Joe Doe's negligence. In her cross-assignments of error, Hayes argues that the trial court should have explained differently its reason for dismissing the count against Joe Doe, and she argues the court erred in denying her Civ. R. 12(B)(6) motion to dismiss the negligence claim against her.
 {¶ 2} The relevant facts and procedural history are gleaned from the record. On August 7 or 8, 2003, Lewis was involved in a two-car automobile accident in Columbus. Hayes is the owner of the second vehicle, but was not present at the scene of the accident; rather, an individual referred to as "Joe Doe" was driving Hayes's vehicle. No one called police at the time of the accident. Joe Doe gave Lewis the name of "Joe," a telephone number, and a second number that turned out to be Hayes's cell phone number. Joe Doe then departed the scene before Lewis could obtain the vehicle identification number or other information about Joe Doe.
 {¶ 3} On August 8, 2005, Lewis filed a complaint against Joe Doe and Hayes. On May 31, 2006, Lewis voluntarily dismissed the complaint pursuant to Civ. R. 41(A). On May 22, 2007, Lewis re-filed her complaint, again naming Joe Doe and Hayes as defendants. The re-filed complaint contained three counts: (1) negligence against Joe Doe; (2) derivative liability for Joe Doe's negligence against Hayes; and (3) negligent entrustment against Hayes.
 {¶ 4} On June 8, 2007, Hayes filed an answer. On February 26, 2008, Hayes filed a motion to dismiss or, alternatively, a motion for summary judgment, seeking dismissal of Count 2 of the re-filed complaint, and a motion for summary judgment on Count 3. With respect to Count 2, Hayes argued that Lewis's complaint failed to state a claim because liability for a driver's negligence cannot be imposed upon a vehicle owner *Page 3 
merely by virtue of ownership.[1] Alternatively, if the court construed Count 2 as stating a claim for agency liability, then, Hayes argued, reasonable minds could only conclude that Joe Doe was not acting as Hayes's authorized agent at the time he collided with Lewis. With respect to Count 3, Hayes argued that reasonable minds could only conclude from the evidence that Hayes did not know, nor should she have known at the time of the entrustment, of Joe Doe's incompetence, inexperience or reckless tendency as an automobile operator.
 {¶ 5} For support of her motion for summary judgment, Hayes submitted her own affidavit. Therein, she averred that Joe Doe is an individual named "Joe Bruno" and that, at the time of the automobile accident, he was pet-sitting for her while she was away on business. She stated that she never granted him authority to operate her automobile while she was away, and she was unaware that he had done so until he contacted her to inform her that the accident had occurred. She further averred that, prior to the accident, she had no information or knowledge that he was an incompetent, careless or inexperienced driver.
 {¶ 6} Lewis filed a memorandum contra. With respect to Count 2, she argued that her omission of any allegation regarding an agency relationship was not fatal to her claim that Hayes was derivatively liable for Joe Doe's negligence. She argued that she was entitled to have the court make all reasonable inferences from the language of the complaint in her favor, and that the court could reasonably infer an agency theory from the language of the complaint. She further argued that, based on Hayes's deposition testimony, reasonable minds could differ as to whether Joe Doe was acting as Hayes's *Page 4 
agent at the time he collided with Lewis's vehicle. With respect to Count 3, Lewis conceded that Hayes was entitled to summary judgment as to the negligent entrustment claim.
 {¶ 7} The trial court journalized a decision and entry on June 3, 2008. Therein, the court sua sponte dismissed Count 1 of the complaint, which asserted a negligence claim against Joe Doe. The court reasoned that because Lewis had failed to amend her re-filed complaint to identify the previously unknown Joe Bruno, despite the fact that she knew his true identity, [2] and she failed to serve him within one year, her action against him had not been commenced, pursuant to Civ. R. 15(D) and 3(A), within the applicable statute of limitations.
 {¶ 8} The court denied Hayes's motion to dismiss Count 2, finding that Lewis's complaint had sufficiently set forth a short and plain statement of an agency theory of liability, despite the fact that Lewis had not used the words "agent" or "agency." However, the court granted summary judgment in favor of Hayes as to Count 2, reasoning that there is no liability on the part of the principal where the plaintiff has failed to successfully assert a claim against the agent. Finally, the court granted Hayes's motion for summary judgment as to Count 3, Lewis having conceded that Hayes was entitled to same.
 {¶ 9} Lewis timely appealed and advances three assignments of error, as follows:
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, WHEN IT SUA SPONTE DISMISSED COUNT ONE OF THE COMPLAINT AND GRANTED SUMMARY JUDGMENT ON COUNT TWO OF THE COMPLAINT, WITHOUT PROVIDING *Page 5 
APPELLANT NOTICE AND THE OPPORTUNITY TO ADDRESS ISSUES RELEVANT TO THE TRIAL COURT'S SUA SPONTE INTENT TO DISMISS COUNT ONE AND GRANT SUMMARY JUDGMENT ON COUNT TWO.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DISMISSING COUNT ONE OF THE COMPLAINT AND GRANTING SUMMARY JUDGMENT ON COUNT TWO OF THE COMPLAINT, ON THE BASIS THAT HER CLAIMS AGAINST [JOE] DOE ARE "TIME-BARRED."
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DISMISSING COUNT ONE OF THE COMPLAINT AND GRANTING BY SUMMARY JUDGMENT ON COUNT TWO OF THE COMPLAINT, BY HOLDING THE DISMISSAL AND SUMMARY JUDGMENT TERMINATE APPELLANT'S COMPLAINT, WITH PREJUDICE.
 {¶ 10} Hayes advances two cross-assignments of error as follows:
 FIRST CROSS-ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY FAILING TO RULE THAT APPELLANT'S CLAIM — IF ANY — AGAINST JOE BRUNO WAS TIME-BARRED ON THE BASIS OF R.C. 2305.10(A).
 SECOND CROSS-ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY INFERRING INTO THE COMPLAINT AN ALLEGATION THAT AGENCY WAS THE THEORY OF LIABILITY UPON WHICH APPELLANT ASSERTED COUNT TWO AGAINST APPELLEE KELLY HAYES.
 {¶ 11} For ease of discussion we will address Lewis's assignments of error out of order. Lewis's second assignment of error and Hayes's first cross-assignment of error raise interrelated issues and will be addressed together. Both concern whether the trial court correctly concluded that Lewis's negligence claim against Joe Doe is barred on its *Page 6 
face and thus subject to dismissal for failure to state a claim upon which relief may be granted.
 {¶ 12} We review de novo a judgment dismissing a complaint for failure to state a claim upon which relief can be granted. Ferron v. Fifth ThirdBank, Franklin App. No. 08AP-473, 2008-Ohio-6967, ¶ 5, citingPerrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362,814 N.E.2d 44, ¶ 5. "When reviewing an order dismissing a complaint for failure to state a claim for relief, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff." Johnson v. Microsoft Corp.,106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223,327 N.E.2d 753.
 {¶ 13} "In determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ. R. 15(D) must be read in conjunction with Civ. R. 15(C) and 3(A)." Amerine v. Haughton Elevator Co. (1989),42 Ohio St.3d 57, 537 N.E.2d 208, syllabus. In this case, then, our discussion requires review of provisions of Civ. R. 3(A) and 15(D).
 {¶ 14} Civ. R. 3(A) provides, "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, * * * or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)." Civ. R. 15(D) provides: *Page 7 
 When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.
 {¶ 15} When it dismissed Count 1 of Lewis's complaint, the trial court determined that because Lewis never amended her re-filed complaint to state the true identity of Joe Doe, even though she had become aware of his true identity, and because she had failed to serve him with an amended complaint, all within one year of filing the re-filed complaint, she had never commenced her action against Joe Doe. For this reason, the trial court found Count 1 time-barred.[3]
 {¶ 16} Lewis argues that she was unable to amend her complaint to state the true identity of Joe Doe because Joe Doe has concealed his whereabouts, thereby preventing her from ascertaining enough information about him to comply with Civ. R. 3(A) and 15(D). Without citation to authority, she argues that the trial court should have ruled that the deadline for compliance with Civ. R. 3(A) was tolled. She cites one case — Nationwide Mut. Ins. Co. v. Galman, Mahoning App. No. 03 MA 202,2004-Ohio-7206 — but that case dealt with the tolling effect of concealment on the applicable statute of limitations; it did not concern tolling of the one-year service requirement under Civ. R. 3(A).
 {¶ 17} In response to Lewis's second assignment of error, and in support of her own first cross-assignment of error, Hayes argues that the trial court correctly dismissed Count 1 of Lewis's complaint. Hayes argues that, regardless whether Lewis did or did not *Page 8 
know Joe Doe's true identity at any particular time, she has failed to commence her action against him so as to avail herself of the saving statute for two reasons: (1) because she failed to amend her re-filed complaint and serve Joe Doe within one year from date she re-filed her complaint (which was the trial court's stated reason), and (2) because Lewis did not use the correct method of service upon Joe Doe of heroriginal complaint.
 {¶ 18} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)." Civ. R. 3(A). The statutory time limit for a plaintiff to commence a personal-injury action is two years from the date the cause of action accrued. R.C. 2305.10(A).
 {¶ 19} However, R.C. 2305.19(A) provides that "[i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." The period of the original statute of limitations applicable to Lewis's cause of action had expired by the time she voluntarily dismissed her first complaint. Therefore, pursuant to R.C. 2305.19(A), she had until one year after the date of her voluntary dismissal to re-file her action, and she did so. "The application of the R.C. 2305.19(A) saving statute extends the Civ. R. 3(A) time period in which to serve a defendant by one additional year." LaNeve v. Atlas Recycling, Inc., 119 Ohio St.3d 324,2008-Ohio-3921, 894 N.E.2d 25, ¶ 13. *Page 9 
 {¶ 20} Thus, assuming, without deciding, [4] that Lewis properly attempted to commence her original action against Joe Doe, she could only avail herself of the saving statute if she timely commenced her new action within the meaning of R.C. 2305.19(A) and Civ. R. 3(A). To do so, Lewis was required to obtain service upon Joe Doe within one year of re-filing her complaint. Lewis re-filed her complaint on May 22, 2007; thus, R.C. 2305.19(A) gave her until May 22, 2008 to serve a newly identified Joe Doe. However, she failed to do so. For this reason, Lewis failed to commence her action against Joe Doe within the applicable statute of limitations, R.C. 2305.10(A).[5]
 {¶ 21} Lewis argues, however, that the time period afforded by R.C. 2305.19(A) is tolled by any period of time during which Joe Doe absconded or concealed himself pursuant to R.C. 2305.15(A). Hayes argues that Lewis waived this argument by failing to raise it below. However, regardless whether the argument was waived, the Supreme Court of Ohio has held that the tolling provisions of R.C. 2305.15 do not apply to an action brought pursuant to the saving provision of R.C. 2305.19 and cannot be used to extend the one-year time limitation within which to commence an action under Civ. R. 3(A). See Saunders v. Choi (1984),12 Ohio St.3d 247, 249, 12 OBR 327, 466 N.E.2d 889; see, *Page 10 
also, Braswell v. Duncan (1997), Cuyahoga App. No. 72038 (defendant's absconding and concealing himself held not a defense to failure to obtain service pursuant to Civ. R. 3(A)). As such, Lewis's tolling argument is unavailing.
 {¶ 22} For all of the foregoing reasons, Lewis's second assignment of error is overruled and Hayes's first cross-assignment of error is sustained.
 {¶ 23} In her first assignment of error, Lewis contends that the trial court erred in dismissing sua sponte Count 1 of the complaint (which asserted a negligence cause of action against Joe Doe) and granting summary judgment against her on Count 2 (which asserted against Hayes respondeat superior liability for Joe Doe's negligence), without giving her prior notice of its intentions and an opportunity to present her arguments against dismissal. The Supreme Court of Ohio has observed:
 The Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints. Generally, a court may dismiss a complaint on its own motion pursuant to Civ. R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. However, some courts have recognized an exception to the general rule, allowing sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint.
(Citations omitted.) State ex rel. Edwards v. Toledo City School Dist.Bd. of Edn., 72 Ohio St.3d 106, 108, 1995-Ohio-251, 647 N.E.2d 799. As we explained above in our discussion of Lewis's second assignment of error, it was obvious that Lewis could not possibly prevail in her action against Joe Doe because her complaint was clearly time-barred. For this reason, we cannot say that the trial court committed prejudicial error in *Page 11 
acting sua sponte to dismiss Count 1 of Lewis's complaint, and to grant summary judgment as to Count 2. Accordingly, Lewis's first assignment of error is overruled.
 {¶ 24} In her third assignment of error, Lewis argues that even if the trial court correctly dismissed Count 1 (and the derivative Count 2 against Hayes), the dismissal should have been without prejudice to re-filing. She directs our attention to the case of Sisk Assocs., Inc.v. Commt. to Elect Timothy Grendell, Franklin App. No. 07AP-1002,2008-Ohio-2342, discretionary appeal allowed, 119 Ohio St.3d 1502,2008-Ohio-5467, 895 N.E.2d 565. She argues that Sisk stands for the proposition that the dismissal in her case amounts to a dismissal for lack of jurisdiction, pursuant to Civ. R. 41(B)(4), and therefore must be without prejudice to re-filing.
 {¶ 25} While Sisk may appear similar to the present case because inSisk a re-filed action was dismissed after the plaintiff failed to obtain service within one year of re-filing, the similarity ends there. The issue in Sisk was whether a dismissal for lack of personal jurisdiction was the functional equivalent of a second notice of voluntary dismissal under the "double dismissal" rule of Civ. R. 41(A)(1). The trial court in Sisk did not dismiss for failure to commence within the statute of limitations.[6]
 {¶ 26} In La Barbera v. Batsch (1967), 10 Ohio St.2d 106,39 O.O.2d 103, 227 N.E.2d 55, the Supreme Court of Ohio held that a dismissal for failure to commence within the applicable statute of limitations is a dismissal with prejudice because the merits of the case have already been litigated and would have to be litigated again if the case were to be re-filed; such relitigation, of course, would be barred by the doctrine of res *Page 12 
judicata. See La Barbera at 113-114; see, also, Anderson v. Borg-WarnerCorp., Cuyahoga App. No. 80551, 2003-Ohio-1500, ¶ 27; Gibson v.Summers, Portage App. No. 2008-P-0032, 2008-Ohio-6995, ¶ 63; Thomas v.Galinsky, Geauga App. No. 2003-G-2537, 2004-Ohio-2789, ¶ 17; Hill v.Yeager, Wood App. No. WD-04-010, 2004-Ohio-5663, ¶ 14. Accordingly, the trial court correctly dismissed Lewis's complaint with prejudice. For this reason, Lewis's third assignment of error is overruled.
 {¶ 27} We now turn to Hayes's second cross-assignment of error. Because Hayes did not file a notice of cross-appeal, pursuant to App. R. 3(C), her proposed second assignment of error may be "`considered only for the purpose of preventing a reversal of the judgment under review.'"Jackson v. Columbus, Franklin App. No. 05AP-1035, 2006-Ohio-5209, ¶ 8, quoting Parton v. Weilnau (1950), 169 Ohio St. 145, 170-171,8 O.O.2d 134, 158 N.E.2d 719. However, because we have already determined that the trial court correctly dismissed Counts 1 and 2 of Lewis's complaint, with prejudice, Hayes's second cross-assignment of error is moot.Byers v. Robinson, Franklin App. No. 08AP-204, 2008-Ohio-4833, ¶ 50. Accordingly, the same is overruled.
 {¶ 28} Having overruled all of Lewis's assignments of error, sustained Hayes's first cross-assignment of error, and overruled as moot Hayes's second cross-assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment of the Tenth Appellate District.
[1] Ross v. Nutt (1964), 177 Ohio St. 113, 116, 29 O.O.2d 313,203 N.E.2d 118.
[2] The record reveals that Lewis became aware of Joe Doe's identity no later than February 1, 2008, the date upon which she took Hayes's deposition.
[3] June 3, 2008 Decision and Entry, 6.
[4] By the plain language of R.C. 2305.19(A), one of the requirements that Lewis had to meet in order to avail herself of the saving statute was to commence or attempt to commence her original action. Pursuant to Civ. R. 15(D), in order to have attempted to commence her original action, Lewis had to have attempted personal service of the original summons upon Joe Doe. Hayes argues that Lewis's original action was not "commenced or attempted to be commenced," and thus the saving statute does not apply, because Lewis attempted to serve Joe Doe with the original summons and complaint by certified mail, "which is clearly not in accordance with the requirement of Civ. R. 15(D)." Amerine, supra, at 58. We need not reach this issue, however, because we have determined that Lewis's action is time-barred with respect to Joe Doe for an independent reason.
[5] Cf. Wells v. Michael, Franklin App. No. 05AP-1353, 2006-Ohio-5871, discretionary appeal not allowed, 113 Ohio St.3d 1443, 2007-Ohio-1266,863 N.E.2d 658 (where personal injury action was filed nine days before the expiration of the statute of limitations against a defendant who later died, plaintiffs did not timely commence re-filed action against defendant's estate where they failed to serve the estate with an amended complaint within the one-year time period specified in Civ. R. 3(A)).
[6] Sisk was a contract action. The limitations period for actions on written contracts is 15 years. R.C. 2305.06. There is no indication inSisk that the limitations period in that case had expired. *Page 1