OPINION
{¶ 1} Appellants, Jane Wojnarowsky, Bradley Wojnarowsky, and Allyson Wojnarowsky ("the Estate of Wojnarowsky"), State Farm Mutual Insurance Company ("State Farm"), and State Auto Mutual Insurance Company ("State Auto"), appeal from the September 11, 2003 judgment entry of the Lake County Court of Common Pleas, granting appellees', Shelby Insurance Company's ("Shelby Insurance"), and Insura Company's, motion for summary judgment.[1]
 {¶ 2} On February 12, 2003, appellants filed a complaint for declaratory judgment against appellees seeking coverage under an insurance policy issued by appellees. On March 6, 2003, appellees filed an answer.
 {¶ 3} On August 11, 2003, appellees filed a motion for summary judgment pursuant to Civ.R. 56(B). Appellants also filed a motion for summary judgment on August 11, 2003. On August 28, 2003, appellees filed a brief in opposition to appellants' motion for summary judgment.
 {¶ 4} On September 11, 2003, appellants filed a motion for an extension of time to file responsive briefs, in which they requested that the trial court grant them until September 25, 2003 to file their brief in opposition to appellees' motion for summary judgment and their reply. The trial court did not rule on this motion.
 {¶ 5} This case arises from an October 14, 1999 two-car motor vehicle accident between Jessica Johnson ("Johnson") and Wayne Wojnarowsky ("the decedent"). At the time of the collision, Johnson had no personal motor vehicle liability insurance. The decedent had $250,000 in uninsured motorist coverage ("UM") available under a personal policy issued by appellant State Farm, as well as $500,000 underinsured motorist coverage ("UIM") available under a policy issued by appellant State Auto to his employer.
 {¶ 6} Prior to the accident, Johnson dropped off her vehicle at Ganley Pontiac for repair work to be performed on the brakes. Johnson was told that it would take one to two days to complete the repairs. Johnson was provided with a loaner vehicle owned by Ganley Pontiac, a 1995 Volkswagen Cabriole. Johnson was supposedly friends with George Perez ("Perez"), the used car manager at Ganley Pontiac. While Perez believes that Johnson paid for the repairs to her vehicle, Johnson denies making any payment. However, Glenn Pisani ("Pisani"), the general manager of Ganley Pontiac, stated in his affidavit that repairs to Johnson's vehicle were completed and that Johnson paid for repairs. In addition, a "Customer Assumption of Liability and Responsibility for a Dealership Vehicle Offered for Loan, Demonstration, or Rental" was executed between Johnson and Perez. At the time of the accident, Ganley Pontiac was insured under a garage liability policy issued by appellees.
 {¶ 7} On March 15, 2001, a complaint was filed in Case No. 01 CV 000396 by appellants, the Estate of Wojnarowsky, against Johnson and Ganley Pontiac, which resulted in a consent judgment against Johnson in the amount of $1,000,000.[2] While that litigation was pending, appellees tendered an offer of $12,500 to appellants, the Estate of Wojnarowsky, on behalf of Johnson, the maximum amount of liability coverage available under the policy it issued to Ganley Pontiac. The offer was rejected. Appellants, the Estate of Wojnarowsky, settled its UM/UIM claims with appellants State Farm and State Auto, in which each paid $250,000. Appellant State Farm's payment included an advance payment of $12,500 offered by appellee Shelby Insurance.
 {¶ 8} Pursuant to its September 11, 2003 judgment entry, the trial court denied appellants' motion for summary judgment and granted appellees' motion for summary judgment. It is from that judgment that appellants filed a timely notice of appeal and make the following assignment of error:
 {¶ 9} "The trial court erred when it denied [appellants'] motion for summary judgment and granted [appellees'] motion for summary judgment."
 {¶ 10} In their sole assignment of error, appellants argue that the trial court erred by denying their motion for summary judgment, and by granting appellees' motion for summary judgment. Appellants posit three issues for review. In their first issue, appellants contend that the trial court erred when it ruled that questions of fact existed regarding whether Johnson qualified as a customer under the Shelby Insurance policy yet it still granted summary judgment to appellees. In their second issue, appellants allege that the trial court erred by granting summary judgment in favor of appellees because it did not address the argument that appellees are bound by the confession of judgment against Johnson. In their third issue, appellants stress that the trial court erred by granting summary judgment in favor of appellees because it did not address the issue that appellants State Farm and State Auto were not voluntary payors.
 {¶ 11} In order for a summary judgment to be granted, the moving party must prove:
 {¶ 12} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385.
 {¶ 13} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that:
 {¶ 14} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 15} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 16} In their first issue, appellants maintain that Johnson was a permissive user rather than a customer under the Shelby policy and, thus, is entitled to $1,000,000 in coverage.
 {¶ 17} This court stated in Ridgway v. Grange Mut. Cas. Co. (Apr. 19, 2002), 11th Dist. No. 2001-P-0067, 2002 WL 607278, at 1, that:
 {¶ 18} "[t]he construction of an insurance contract is a matter of law. Nationwide Mut. Ins. Co. v. Eckmeyer (Sept. 7, 2001), [11th Dist.] No. 2000-P-0054, 2001 WL 1023527, at 2. In construing an insurance contract, a court should attempt to determine the intention of the parties and, if the language of the policy is unambiguous, it should be enforced as written. Id. However, if a provision is open to more than one interpretation, it should be construed against the insurer and in favor of the insured. Id."
 {¶ 19} In the case at bar, pursuant to its September 11, 2003 judgment entry, the trial court determined that the term "customer" in the policy is not ambiguous, that Johnson was a "customer" on the date of the accident, and that appellants are entitled to a maximum of $12,500 in coverage. We agree.
 {¶ 20} Page three of Ganley Pontiac's insurance policy issued by appellees provides that:
 {¶ 21} "1. Who is an Insured
 {¶ 22} "a. The following are insureds for covered autos:
 {¶ 23} "(1) You for any covered auto.
 {¶ 24} "(2) Anyone else while using with your permission a covered auto you own, hire or borrow except:
 {¶ 25} "* * *
 {¶ 26} "(d) Your customers, if your business is shown in the Declarations as an auto dealership. However, if a customer of yours:
 {¶ 27} "(i) Has no other available insurance (whether primary, excess or contingent), they are an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.
 {¶ 28} "(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, they are an insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of their other insurance."
 {¶ 29} A customer is defined as "[a] buyer, purchaser, consumer or patron." Black's Law Dictionary (6 Ed.Rev. 1990) 386.
 {¶ 30} In the instant matter, Ganley Pontiac is shown in the Declarations as an auto dealership. Again, at the time of the collision, Johnson had no personal motor vehicle liability insurance. The vehicle that Johnson was operating during the accident was provided by Ganley Pontiac as a loaner vehicle while the dealership repaired her car. It is irrelevant that Johnson and Perez, the used car manager at Ganley Pontiac, were friends. While Perez believes that Johnson paid him for the repairs to her vehicle, Johnson denies making any payment for the repairs. However, Pisani, the general manager of Ganley Pontiac, stated in his affidavit that repairs to Johnson's vehicle were completed and that Johnson paid for repairs. Again, a "Customer Assumption of Liability and Responsibility for a Dealership Vehicle Offered for Loan, Demonstration or Rental" was executed between Johnson and Perez prior to Johnson's use of the loaner car. It is not crucial whether Johnson paid for the repairs when she picked up her vehicle since she may have been obligated to pay for them at a later time. There is no material question of fact here. Thus, Johnson meets the definition of a "customer" of Ganley Pontiac. Therefore, appellants are entitled to a maximum of $12,500 in coverage under the policy. Appellant's first issue is without merit.
 {¶ 31} Appellants' second and third issues are not properly before this court. Again, appellants filed a motion for summary judgment on August 11, 2003. In that motion, appellants' only issue that they raised was whether Johnson was a customer of Ganley Pontiac, and, thus, whether Johnson was entitled to $1,000,000 in liability coverage as a permissive user. Appellants made no argument in that motion that appellees were bound by the confession of judgment against Johnson or that appellants State Farm and State Auto were not voluntary payors.
 {¶ 32} Appellants failed to file responsive briefs prior to the trial court's September 11, 2003 judgment entry denying appellants' motion for summary judgment and granting appellees' motion for summary judgment. Appellants did not file responsive briefs until September 25, 2003. On October 1, 2003, appellees filed motions to strike, which were not ruled upon prior to October 9, 2003, when appellants filed a notice of appeal. Because appellants' allegations contained in their second and third issues were not raised before the trial court, they are not properly before us. Holman v. Grandview Hosp. Med. Ctr. (1987),37 Ohio App.3d 151, 157.
 {¶ 33} Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 34} For the foregoing reasons, appellants' sole assignment of error is not welltaken. The judgment of the Lake County Court of Common Pleas is affirmed.
Grendell, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment. concur.
[1] Shelby Insurance, through Insura Company, issued an insurance policy to Ganley Pontiac, an automobile dealership.
[2] Ganley Pontiac was voluntarily dismissed on March 12, 2002.