OPINION
{¶ 1} John W. Ferron, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted a motion to dismiss filed by Fifth Third Bank, defendant-appellee. Appellee has also filed a motion for attorney fees and costs.
 {¶ 2} Between January 14, 2007 and July 8, 2007, appellee placed 15 advertisements in The Columbus Dispatch newspaper. All of the advertisements included offers relating to various banking accounts and mortgages with terms, limitations, *Page 2 
conditions, and descriptions printed at the bottom of the advertisements in small print, the specifics of which are not germane to the present appeal. Some of the advertisements directed the reader to the limitations at the bottom of the advertisements using asterisks. Appellant allegedly read these offers in the newspaper.
 {¶ 3} On July 20, 2007, appellant filed a complaint against appellee for money damages, declaratory judgment, and injunctive relief, claiming the newspaper advertisements described above were misleading and deceptive in violation of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01, et seq. On August 20, 2007, appellee filed a motion to dismiss, pursuant to Civ. R. 12(B)(6), arguing that appellant's complaint should be dismissed because: (1) appellee is a financial institution, and R.C. 1345.02 of the CSPA exempts "financial institutions" from its provisions; and (2) the advertisement at issue was not a "consumer transaction" and, thus, did not fall within the purview of the CSPA.
 {¶ 4} On April 21, 2008, the trial court issued a decision granting appellee's motion to dismiss. A judgment dismissing the matter was filed May 5, 2008. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, WHICH WAS BASED ON ITS ERRONEOUS FINDING THAT APPELLEE IS EXEMPT FROM THE REQUIREMENTS OF THE OHIO CONSUMER SALES PRACTICES ACT IN REGARD TO ITS CONSUMER ADVERTISEMENTS.
 {¶ 5} In his sole assignment of error, appellant argues that the trial court erred when it dismissed his claims against appellee pursuant to Civ. R. 12(B)(6). A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is *Page 3 
sufficient. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548. In considering a Civ. R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. State ex rel. Fuqua v. Alexander (1997),79 Ohio St.3d 206, 207. Rather, the trial court may only review the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover.O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. Moreover, the court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. We review de novo a judgment on a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5.
 {¶ 6} Appellant alleges that appellee's advertisements violated R.C. 1345.02(A) and Ohio Adm. Code 109:4-3-02(A) and/or (C) because the advertisements failed to state clearly, conspicuously, and in close proximity to the words stating the offer of consumer goods and/or services, and in a typeface that is easily legible to anyone reading the advertisements, all material exclusions, reservations, limitations, modifications, or conditions to appellee's offer of consumer goods and/or services. R.C. 1345.02(A) provides:
 No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction. *Page 4 
Ohio Adm. Code 109:4-3-02(A) and (C) provide, in pertinent part:
 (A)(1) It is a deceptive act or practice in connection with a consumer transaction for a supplier, in the sale or offering for sale of goods or services, to make any offer in written or printed advertising or promotional literature without stating clearly and conspicuously in close proximity to the words stating the offer any material exclusions, reservations, limitations, modifications, or conditions. Disclosure shall be easily legible to anyone reading the advertising or promotional literature and shall be sufficiently specific so as to leave no reasonable probability that the terms of the offer might be misunderstood.
 * * *
 (C) A statement of exclusions, reservations, limitations, modifications, or conditions which appears in a footnote to an advertisement to which reference is made in the advertisement by an asterisk or other symbol placed next to the offer being limited is not in close proximity to the words stating the offer.
 {¶ 7} Here, the trial court dismissed appellant's complaint based upon several grounds: (1) as a "financial institution," appellee was not a "supplier" subject to the CSPA; (2) appellant was not a "consumer" under the CSPA; thus, there was not a "consumer transaction" under the CSPA; and (3) because appellee was not a "supplier," there could be no violation of Ohio Adm. Code 109:4-3-02. These conclusions relied upon several definitions in the CSPA. R.C. 1345.01 provides the following, in pertinent part:
 As used in sections 1345.01 to 1345.13 of the Revised Code:
 (A) "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers * * * *Page 5 
 (B) "Person" includes an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity.
 (C) "Supplier" means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. * * *
 (D) "Consumer" means a person who engages in a consumer transaction with a supplier.
Further, R.C. 5725.01(A)(3) provides:
 (A) "Financial institution" means:
 * * *
 (3) A bank, banking association, trust company, savings and loan association, savings bank, or other banking institution that is incorporated or organized under the laws of any state[.]
 {¶ 8} As is apparent from the language above, in order for an act to fall under the purview of R.C. 1345.02(A) and Ohio Adm. Code 09:4-3-02(A) and (C), it must involve a "supplier," a "consumer," and a "consumer transaction." The trial court found appellee was not a "supplier" and was not involved in a "consumer transaction." We agree. Pursuant to R.C. 1345.01(C), a "supplier" is one engaged in effecting or soliciting consumer transactions. Although the advertisements here may be fairly construed as a solicitation, pursuant to R.C. 1345.01(A), a "consumer transaction" does not include transactions between a "financial institution," as defined in R.C. 5725.01, and its customers. It is beyond dispute that appellee here is a "financial institution" pursuant to R.C. 5725.01, as it is a banking institution. This court, as well as others, have found so previously. See Haines v. Key OldsmobileCo. (Oct. 28, 1997), Franklin App. No. 97APE06-750 (stating "[n]o one disputes that Fifth Third is a financial institution" as *Page 6 
defined in R.C. 5725.01). See, also, Fifth Third Bank v. Roberts, Hardin App. No. 6-04-07, at ¶ 19 (stating "[i]t is undisputed that Fifth Third Bank is a financial institution as defined in R.C. 5725.01 [A]").
 {¶ 9} Nevertheless, appellant maintains that, even if appellee is a "financial institution," he was not a "customer" for purposes of R.C. 1345.01(A). Appellant argues that he was merely a "consumer" or "recipient" of appellee's advertisements that were published in a newspaper of general circulation. Appellant defines "customer" as an individual who has a pre-existing relationship with the financial institution and does not include the general public. However, appellant cites no authority for his narrow definition of "customer." For this court to find a "customer" must be a "pre-existing customer" at the time of the solicitation by the financial institution would require this court to add words to the statute that are plainly not present. It is well-established that courts may not add words not used or delete words included in construing a statute. State ex rel. Charvat v. Frye,114 Ohio St.3d 76, 2007-Ohio-2882.
 {¶ 10} Unfortunately, the CSPA does not define "customer." However, one court has defined "customer" as "`[a] buyer, purchaser, consumer or patron.'" Wojnarowsky v. Shelby Ins., Lake App. No. 2003-L-164,2005-Ohio-1410, at ¶ 29, quoting Black's Law Dictionary (6th Ed.Rev. 1990) 386. Here, as appellant read the advertisements as a person who may buy or purchase the services offered by appellee, we find he fit within the definition of "customer," for purposes of R.C. 1345.02(A). The definition of "consumer" in R.C. 1345.01(D) leads to circular reasoning in attempting to define "customer." There is nothing in R.C. 1345.02(A) to suggest that, in order to be a "customer," one must be currently engaged in a transaction. Supportive of our reading of "customer" is that *Page 7 
R.C. 1345.01 defines a "consumer transaction" to include a solicitation to provide services, which necessarily occurs before a transaction is commenced or consummated. Similarly, a violation of the CSPA under R.C. 1345.02(A) includes deceptive practices that occur before the transaction. Thus, to limit "customers" to those who already had a relationship with appellee would be inconsistent with the breadth of these other sections. In addition, looking to the definition of "consumer" in R.C. 1345.01(D) for guidance in defining "customer," as appellant suggests, "consumer" is defined as one engaged in a "consumer transaction," which, again, includes the mere solicitation of goods and is not dependent upon whether the person has an existing relationship with the one engaging in the solicitation. For these reasons, we find appellant was a "customer," for purposes of defining a consumer transaction under R.C. 1345.01(A). Accordingly, because appellee was a "financial institution," and appellant was a "customer," the advertisements at issue were explicitly exempt from the definition of "consumer transaction" in R.C. 1345.01(A).
 {¶ 11} Given our finding above that appellee and appellant were not engaged in a "consumer transaction," other findings necessarily result. Because "supplier" is defined under R.C. 1345.01(C) as one engaged in the business of soliciting "consumer transactions," appellee could not be a "supplier." Furthermore, because no consumer transaction took place and appellee was not a supplier, there was no violation of R.C. 1345.02(A), as that statute requires a supplier to commit a deceptive act in connection with a consumer transaction. Likewise, there could be no violation of Ohio Adm. Code 109:4-3-02(A) and (C), as those provisions require a consumer transaction and a supplier. *Page 8 
 {¶ 12} We also note that appellant claims the trial court could not dismiss his action because, pursuant to Civ. R. 12(B)(6), a court must presume all factual allegations in the complaint are true, and he specifically alleged in his complaint he was a consumer, appellee was a supplier, and appellee's advertisements were consumer transactions. However, unsupported conclusions in a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss.State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490. Here, appellant's above allegations in his complaint were unsupported conclusions, not mere factual allegations. Whether appellee was a supplier, appellant was a consumer, and whether the advertisements were consumer transactions were legal questions for the trial court to decide. Therefore, neither the trial court nor this court were required to accept appellant's statements in his complaint as true.
 {¶ 13} Appellant also claims that the trial court's conclusion that appellee's advertisements were exempt from the requirements of the CSPA is inconsistent with the determinations in several common pleas cases from this district that have held "financial institutions" are liable for violations of the CSPA when their actions were directed toward consumers who were not customers, citing Charvat v. Continental Mtge.Srvcs., Inc. (June 1, 2000), Franklin C.P. No. 99CVH12-10225;Charvat v. Oasis Mtge., Inc. (Sept. 6, 2002), Franklin C.P. No. 01CVH06-6028; and State ex rel. Jim Petro v. Logic Mtge. (Feb. 1, 2005), Franklin C.P. No. 04CVH-10-11378. However, to suggest that these courts have "held" such and made "determinations" is not correct. All three judgments in these cases were pursuant to consent judgments agreed to by the parties. In a case in which appellant was the plaintiff and his current counsel represented him, Charvat v. Telelytics, L.L.C., Franklin App. No. 05AP-1279, 2006-Ohio-4623, this court rejected *Page 9 
appellant's attempt to rely upon the consent judgments inContinental Mtge. and Oasis Mtge. In Telelytics, we found the consent judgments were not "determinations," reasoning that "a consent judgment typically is not a judgment on the merits, but a contract between the parties that the court reduces to a judgment. * * * [A]part from any effect under the doctrines of res judicata and estoppel, a consent judgment generally cannot be considered precedent in a later case." Id., at ¶ 43. Thus, we find Oasis Mtge., Continental Mtge., and LogicMtge. unpersuasive.
 {¶ 14} Therefore, for the following reasons, we find the trial court did not err when it dismissed appellant's CSPA claims against appellee pursuant to Civ. R. 12(B)(6). Appellant could prove no set of facts entitling him to relief against appellee for claims under R.C. 1345.02(A), Ohio Adm. Code 109:4-3-02(A) or (C). Therefore, appellant's assignment of error is overruled.
 {¶ 15} Appellee has filed a motion for attorney fees and costs, arguing that appellant's appeal was frivolous and failed to present any reasonable question for review. Because appellant's appeal contained at least some arguable bases, we deny appellee's motion.
 {¶ 16} Accordingly, appellant's assignment of error is overruled, appellee's motion for attorney fees and costs is denied, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion denied and judgment affirmed.
 SADLER and TYACK, JJ., concur. *Page 1