THE STATE, EX REL. CORRIGAN, PROS. ATTY., *v.* GILLON.

(No. 80-859—Decided December 17, 1980.)

*Mr. Carl J. Character,* for relator.
*Mr. Gary Cook,* for respondent.

*Per Curiam.* In *State, ex rel. Corrigan,* v. *Wheeler* (1971), 27 Ohio St. 2d 9, this court enforced the foregoing forfeiture provision contained in the East Cleveland City Charter. We also recognized that *quo warranto* is the proper method for enforcing this provision. In *Corrigan, supra,* the court stated, at page 10:

"There is no dispute here that subsequent to his election to the City Commission of East Cleveland respondent became employed by the Auditor of Cuyahoga County. The employment by the Auditor's office constitutes a violation of the charter in that this second public employment is prohibited thereby and does not fall within the exceptions of 'notary public or member of the State Militia.' Thus it falls within the forfeiture provision of the city charter.

"***[J]udgment of ouster is issued."

The thrust of respondent's response* to relator's motion herein is that the status of relator's other positions as "public employment" has not been established and, therefore, this case is not ripe for summary judgment. This court determines as a matter of law that the other positions held by respondent are "public employment," within the meaning of that phrase in Section 5 of the East Cleveland City Charter.

Relator's motion for summary judgment is, therefore, sustained and judgment of ouster is issued.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

---

* This court does not consider respondent's defense of insufficiency of service of process herein, as respondent has waived this issue by failing to raise it by motion or responsive pleading. Civ. R. 12(H).