OPINION
{¶ 1} This is an appeal from a summary judgment for a defendant on its statute of limitations defense in an action for personal injuries. We find that the trial court erred when it granted the defendant's motion for summary judgment. Accordingly we will reverse the summary judgment and remand the case for further proceedings.
 {¶ 2} Plaintiff, James Knotts, was injured on August 29, 2002, when a rig on which he was working came into contact with an energized overhead power line. On August 26, 2004, three days prior to the expiration of the two-year statute of limitations applicable to bodily injury actions, R.C. 2305.10, Knotts filed a complaint on his claim for bodily injuries in the court of common pleas. (Dkt. 1).
 {¶ 3} Four defendants were identified in Knotts' complaint: Solid Rock Enterprises, Inc. ("Solid Rock"), a contractor; the City of Springfield, which owned the land on which Knotts was injured; Dayton Power Light Company ("DP L"), which allegedly owned and maintained the energized power line; and a "John Doe" defendant that likewise allegedly owned and maintained the line.
 {¶ 4} Knotts' claims for relief against DP L and John Doe alleged that, as owner and operator of the line, each *Page 3 
defendant had negligently failed to de-energize the line before Knotts commenced work and/or negligently failed to warn Knotts that the line had not been de-energized.
 {¶ 5} Knotts subsequently learned that First Energy Corporation ("First Energy") and not DP L owned and operated the power line. On May 4, 2005, Knotts moved for leave to amend his complaint pursuant to Civ.R. 15(D). (Dkt. 20). The motion was granted and Knotts filed his amended complaint on that same date. (Dkt. 19, 21).
 {¶ 6} The amended complaint that Knotts filed identified First Energy as the Defendant that was designated in Knotts' original complaint by the fictitious name John Doe. However, the claim for relief against DP L was again pleaded in the amended complaint. Knotts requested service of the amended complaint by certified mail on First Energy's statutory agent, C.T. Corporation System, Inc. The agent was thus served on May 9, 2005. (Dkt. 22).
 {¶ 7} First Energy filed its answer to the amended complaint on May 18, 2005. (Dkt. 26). The answer affirmatively pleaded a statute of limitations defense. Civ.R. 8(D).
 {¶ 8} On May 19, 2005, Knotts moved for leave to file a second amended complaint "in order to properly identify all *Page 4 
parties to this action." (Dkt. 27). The motion did not cite or rely on Civ.R. 15(D). Neither did the court's order granting leave to amend, (Dkt. 29), which was filed on that same date along with the second amended complaint, cite or rely on Civ.R. 15(D).
 {¶ 9} The second amended complaint (Dkt. 28) named both DP L and First Energy, as had the first amended complaint. The second amended complaint bears a certificate of service indicating that it was served by regular mail on May 19, 2005, on the attorney who appeared on behalf of First Energy when it filed its answer to the first amended complaint.
 {¶ 10} First Energy filed its answer to the second amended complaint on May 23, 2005, again setting up a statute of limitations defense. (Dkt. 31). DP L filed its answer on the same date.
 {¶ 11} On May 24, 2005, Knotts filed a motion for voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), dismissing his claims against DP L. (Dkt. 32). A copy of the notice was served by regular mail on First Energy's attorney.
 {¶ 12} On August 31, 2005, First Energy filed a motion for summary judgment on its statute of limitations defense. (Dkt. 44). First Energy argued that, though the original complaint was filed within the two-year statute of limitations, Knotts *Page 5 
failed to obtain service of his amended complaints on First Energy within one year thereafter, as Civ.R. 3(A) requires in order for the action to have been timely brought for statute of limitations purposes.
 {¶ 13} Knotts filed two memoranda contrary to First Energy's motion. (Dkt. 46, 50). He contended, inter alia, that his first amended complaint was proper under Civ.R. 15(C), and asked the court to modify its order granting leave to amend to reflect that it was granted pursuant to Civ.R. 15(C), nunc pro tunc.
 {¶ 14} The trial court found that the modification Knotts requested was not one made to correct a clerical mistake, which is the limited basis on which the court may exercise its nunc pro tunc authority. Civ.R. 60(A). The court therefore declined to modify its first order for leave to amend. The court granted First Energy's motion for summary judgment, (Dkt. 58), finding that Knotts' failure to obtain personal service of his first amended complaint on First Energy failed to satisfy the express personal service requirement of Civ.R. 15(D), relying onAmerine v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57.
 {¶ 15} Knotts filed a timely notice of appeal. He presents two assignments of error. *Page 6 
 FIRST ASSIGNMENT OF ERROR
 {¶ 16} "AMERINE'S STRICT COMPLIANCE WITH THE OHIO CIVIL RULES IS UNFOUNDED AND ILLOGICAL AND HAS BEEN EXTENDED BEYOND THE ORIGINAL INTENT OF THE GENERAL ASSEMBLY'S TREATMENT AND GOVERNANCE OF FICTITIOUS PARTIES."
SECOND ASSIGNMENT OF ERROR
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PERMIT KNOTTS TO SUBSTITUTE FIRST ENERGY AS AN APPROPRIATE AND SUBSEQUENTLY DISCOVERED PARTY."
 {¶ 18} The issues these assignments of error present are intertwined, and therefore will be considered together.
 {¶ 19} R.C. 2305.10 provides, in pertinent part: "An action for bodily injuries shall be brought within two years after the cause thereof arose." An action is brought when it is commenced, and it is "commenced within the meaning of sections 2305.03 and 2305.22 . . . of the Revised Code by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." R.C. 2305.17.
 {¶ 20} The injuries on which Knotts' action for bodily injuries were brought allegedly occurred on August 29, 2002. Knotts filed his complaint within two years thereafter, on *Page 7 
August 26, 2004. The complaint alleged negligence on the part of DP L and the John Doe defendant that proximately resulted in the injuries and losses alleged. The issue is whether, with respect to the amended complaints Knotts subsequently filed identifying First Energy, service was obtained on First Energy within one year after his complaint was filed. If not, his action for bodily injuries was not commenced within two years after his injuries allegedly occurred, and is therefore barred by R.C. 2305.10.
 {¶ 21} The one-year service provision in R.C. 2305.17 operates as a condition subsequent to a successful commencement of a civil action. The provision also appears in Civ.R. 3(A), which states:
 {¶ 22} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."
 {¶ 23} The further references to Civ.R. 15(C) and (D) in Civ.R. 3(A) were added by amendment effective in July, 1986. Prior to that, the bare one-year service provision in Civ.R. 3(A) had been held to not apply to complaints amended pursuant *Page 8 
to Civ.R. 15(C) or (D), and service of the amended complaint was therefore required within the statute of limitations period. Varno v.Bally Manufacturing Company (1985), 19 Ohio St.2d 21. The 1986 amendment extended the period for service of amended complaints for one year after the original complaint was filed. Amerine.
 {¶ 24} Civ.R. 15(C) states, in pertinent part:
 {¶ 25} "Relation back of amendments
 {¶ 26} "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
 {¶ 27} Civ.R. 15(D) states: *Page 9 
 {¶ 28} "Amendments where name of party unknown
 {¶ 29} "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words `name unknown,' and the copy thereof must be served personally upon the defendant."
 {¶ 30} Both Civ.R. 15(C) and Civ.R. 15(D) operate to relate a complaint amended pursuant to those rules back to the filing of the original complaint for statute of limitations purposes when the particular circumstances those sections respectively involve are satisfied. Amerine. Their circumstances are different, however.
 {¶ 31} Civ.R. 15(C) applies when there was a mistake of fact or a misnomer by the plaintiff in naming the wrong defendant in the original complaint. Because, by its terms, an amendment per Civ.R. 15(C) is one "changing the party against whom a claim is asserted," a complaint amended per Civ.R. 15(D) may not add an additional defendant while retaining the other named defendants, and instead must substitute the new party for a misidentified original party. *Page 10 Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627.
 {¶ 32} Civ.R. 15(D) applies when the existence or the capacity to be sued of a party who is allegedly liable on a claim for relief is unknown to the plaintiff. Then, the original complaint may identify the party by a fictitious name, such as "John Doe," but the complaint must designate that defendant as "name unknown" and aver that the defendant's name could not be discovered. If and when the defendant's existence and capacity to be sued is determined, the plaintiff may amend his complaint accordingly. However, the amended complaint and summons designating the party name unknown "must be served personally on the defendant."Id.
 {¶ 33} In Amerine, as in the present case, the plaintiff's original complaint for bodily injuries was filed within the statute of limitations, by only a few days. The original complaint alleged a claim for relief against a "John Doe" defendant, which was later identified after the statute of limitations had run as Otis Elevator Company. The plaintiff obtained leave to amend per Civ.R. 15(D), and the summons and amended complaint were served on Otis Elevator Company by certified mail within one year after the original complaint was filed. The Supreme Court held that certified mail service does not satisfy the personal service requirement of Civ.R. *Page 11 
15(D). Therefore, lacking proper service within one year after the complaint had been filed, per Civ.R. 3(A), the action was not commenced within the statute of limitations, R.C. 2305.17, and was therefore barred. Amerine.
 {¶ 34} The facts of the present case with respect to the first amended complaint that Knotts filed pursuant to Civ.R. 15(D) are precisely the same facts as in Amerine. Plaintiff-Appellant Knotts raises a broad argument attacking the holding in Amerine concerning the personal service requirement of Civ.R. 15(D).
 {¶ 35} Reading Amerine, it seems more concerned with explaining the effect of the 1986 amendment of Civ.R. 3(A) on the Supreme Court's holding in Varno than with a more probing analysis of Civ.R. 15(D) and its personal service requirement. Indeed, the Syllabus by the Court inAmerine makes no mention of the personal service requirement at all, merely stating: "In determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)."
 {¶ 36} We tend to agree that strict compliance with the personal service requirement of Civ.R. 15(D) that Amerine applies is problematic. Civ.R. 15(D) was adopted in 1971, *Page 12 
when the Rules of Civil Procedure became effective. Prior to that time, the same requirements for amendment of a complaint were imposed by R.C.2309.62, which was one of several hundred sections of the Revised Code repealed when and because the Civil Rules were adopted. 133 V H 1201.
 {¶ 37} The origins of former R.C. 2309.62 date back more than a century. Prior to the adoption of the Revised Code, the provision appeared as Section 11366 of the General Code. It was first enacted in 1853 as part of the Laws of Ohio General, 51 V 57, § 141. Personal service of any process was generally required at that time. The provisions of Civ.R. 4.1(A) permitting service by certified or express mail were then unknown, of course. Certified mail service was first offered by the United States Postal Service in 1955, and express mail service was first offered in 1977. (See: www.usps.com/history/history/hisl.htm #DATES.)
 {¶ 38} It is unclear why the ancient personal service requirement in R.C. 2309.62 was not deleted, as that section's verification requirement was, when Civ.R. 15(D) was adopted. By retaining the personal service requirement, Civ.R. 15(D) sets up a potential conflict with Civ.R. 4.2(F), which expressly permits service of process upon a corporation by certified mail, or upon a corporation's statutory agent for *Page 13 
service designated pursuant to R.C. 1701.07(A). When the new defendant is a corporation, Civ.R. 15(D), as construed by Amerine, renders void the provision of R.C. 1701.07(H), which permits "[a]ny process, notice, or demand" required by statute to be served on a corporation to be "served upon the corporation by delivering a copy of it to its agent," whether a natural person or a corporation. Indeed, personal service, which per Civ.R. 4.1(B) requires "[t]he person serving process (to) locate the person to be served and . . . tender a copy of the process and accompanying documents to the person to be served," contemplates delivery to a natural person, not to an artificial person such as a corporation. We strongly urge the Supreme Court to revisit the personal service requirement in Civ.R. 15(D).
 {¶ 39} When counsel for Knotts requested service of his first amended complaint on First Energy's statutory agent, he requested certified mail service, possibly because Civ.R. 4.2(F) and R.C. 1707.07(H) would permit it when the party to be served is a corporation. Those more specific provisions might also persuade us to find an exception to the personal service requirements of Civ.R. 15(D) when the amended complaint is served on a corporation. However, the defendant that was served by certified mail in Amerine, Otis Elevator *Page 14 
Company, was most likely a corporation, and we cannot assume that the fact escaped the Supreme Court when it decided Amerine. Therefore, we must apply the rule of Amerine, as the trial court did, to find that, absent the personal service required by Civ.R. 15(D), the first amended complaint was not properly served on First Energy within one year after Knotts' original complaint was filed, and for that reason, Civ.R. 3(A) was not satisfied so as to avoid the statute of limitations bar in R.C.2305.10 with respect to Knotts' first amended complaint.
 {¶ 40} Nevertheless, the trial court erred when it granted First Energy's motion for summary judgment on the rule of Amerine, which is limited to complaints amended pursuant to Civ.R. 15(D).
 {¶ 41} When the motion for summary judgment was filed, Knotts' first amended complaint, which relied on Civ.R. 15(D), had been superseded by his second amended complaint. Neither Knotts' motion for leave to file the second amended complaint nor the court's order of leave cited or relied on Civ.R. 15(D). Therefore, summary judgment was not warranted on the rule of Amerine if Civ.R. 15(C) applies instead to the second amended complaint. The court may have been distracted from the merits of that question by Knotts' misplaced reliance on *Page 15 
Civ.R. 60(A).[1]
 {¶ 42} As an initial matter, we note that, unlike Civ.R. 15(D), an amendment permitted by Civ.R. 15(C) imposes no requirement concerning the particular method of service that must be used. Therefore, if Civ.R. 15(C) instead applies, certified mail service allowed by Civ.R. 4.1(A) was available for service of the second amended complaint on First Energy's corporate agent for service. Civ.R. 4.2(F); R.C. 1707.07(H). As it happens, service was obtained on First Energy's attorney, but as we explain below, that service was also proper.
 {¶ 43} A Civ.R. 15(C) amendment changing a party must arise out of the same conduct, transaction, or occurrence that was alleged in the original complaint. It is undisputed that the claims against First Energy pleaded in the second amended complaint arise out of the injuries Knotts suffered on August 29, 2002, which were likewise the basis of his claims for relief pleaded against DP L pleaded in Knotts' original complaint. Indeed, it is undisputed that Knotts was mistaken *Page 16 
in naming DP L at all. The purpose of the second amended complaint was to correct a mistake of fact concerning the identity of the alleged tortfeasor, which is a proper use of Civ.R. 15(C).
 {¶ 44} The second amended complaint likewise named DP L, along with First Energy, but on the following day Knotts filed a notice of voluntary dismissal of his claims against DP L. Therefore, when First Energy's motion for summary judgment was subsequently filed and granted, the substitution requirements of Kraly pertaining to Civ.R. 15(C) amendments had been satisfied.
 {¶ 45} Knotts' second amended complaint was served on First Energy's attorney by regular mail pursuant to Civ.R. 5(B) on May 19, 2005. That form of service is permitted "upon a party who is represented by an attorney of record in the proceedings." First Energy's attorney had appeared of record on May 18, 2005, when First Energy's answer to the first amended complaint was filed. Further, the pleading responsive to the second amended complaint that First Energy subsequently filed did not plead insufficiency of service of process as a defense.
 {¶ 46} Civ.R.12(B) prescribes the manner of presenting certain defenses. Maryhew v. Yova (1984), 11 Ohio St.3d 154, *Page 17 
157, 464 N.E.2d 538. The rule provides that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . . ." Those defenses are lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to join a party. Id. "Therefore, the rule gives the pleader an option to assert the [defense] either by way of a motion prior to any pleading or in the responsive pleading to the complaint." Maryhew, 11 Ohio St.3d at 157. (Emphasis supplied)
 {¶ 47} Civ. R. 12(B) must be read in conjunction with Civ. R. 12(G) and (H). Civ. R. 12(G) provides, in part, that "[a] party who makes a motion under this rule must join with it the other motions herein provided for and then available to him." Civ. R. 12(H)(1) provides that "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (G), or (B) if it is neither made by motion under *Page 18 
this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." (Emphasis supplied.)
 {¶ 48} The effect of the foregoing rules, read together, denies a defendant who has an insufficiency of service of process defense the option, if he has not raised the defense by way of a Civ.R. 12 motion, of waiting until after he files a responsive pleading to raise it. If the defendant files a responsive pleading in order to avoid default judgment, he must raise the defense. He cannot avoid raising the defense in order to take advantage of the failure in relation to an insufficiency of service of process defense, or a statute of limitations defense dependent on insufficiency of service of process, and then assert insufficiency of service or process in a subsequent motion.
 {¶ 49} First Energy did not raise the defense of insufficiency of service of process in its responsive pleadings or in a motion filed prior thereto. That failure waives the defense of insufficiency of process in relation to the second amended complaint that Knotts filed with respect to the one-year service requirement of Civ.R. 3(A) on which the motion for summary judgment relied. State ex rel. Corrigan v.Gillon (1980), 64 Ohio St.2d 135, 136, 413 N.E.2d 828; Civ. R. *Page 19 
12(B), (H)(1). The waiver likewise applies to First Energy's statute of limitations defense, which in its application is dependent on a failure of service required by Civ.R. 3(A).
 {¶ 50} Civ.R. 15(C) provides that an amended complaint relates back to the original complaint if "within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against him." "The language `within the period provided by law for commencing the action,' as used in Civ.R. 15(C), includes the time for service in Civ.R. 3(A)." Cecil v. Cottrill (1993), 67 Ohio St.3d 367, Syllabus by the Court.
 {¶ 51} Knotts' second amended complaint was filed on May 19, 2005, and served on First Energy that same date pursuant to Civ.R. 5(B). First Energy filed its answer to the second amended complaint four days later, on May 23, 2005. The following day, on May 24, 2005, Knotts filed his notice of voluntary dismissal of his claims against DP L, and a copy of the notice was served on First Energy's attorney pursuant to Civ.R. 5(B) on that date. Therefore, when First Energy's *Page 20 
motion for summary judgment was subsequently filed on August 31, 2005, and granted on March 13, 2006, the notice and knowledge provisions of Civ.R. 15(C)(1) and (2) manifestly were satisfied.
 {¶ 52} Civ.R. 15(A) provides that leave to amend a complaint "shall be freely given when justice so requires." Civ.R. 1(C) enjoins courts to construe and apply the Civil Rules "to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Those considerations support a conclusion that Civ.R. 15(C) properly applies to the second amended complaint that Knotts filed, that the requirements of the rule were satisfied with respect to that filing and the lack of any prejudice to First Energy, that service was timely obtained on First Energy, and that the trial court therefore erred when it granted First Energy's motion for summary judgment.
 {¶ 53} The first assignment of error is overruled. The second assignment of error is sustained. The summary judgment for First Energy on its motion will be reversed and the case remanded for further proceedings on Knotts' claims for relief.
WOLFF, P.J. And BROGAN, J., concur.
[1] The trial court correctly found that the modification Knotts requested was not a form of clerical mistake subject to correction per Civ.R. 60(A). However, Civ.R. 60 applies to final orders and judgments, and when Knotts made his request the order granting leave to file his second amended complaint was interlocutory and subject to modification by the court for any proper reason. *Page 1