[Cite as *Lewis v. Moore*, 2017-Ohio-4049.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard Lewis, Jr., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-775 |
| v. | : | (C.P.C. No. 15CV-6313) |
| Jasmine Moore, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant, | : | |
| Alfa [Vision] Insurance Corporation, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 30, 2017

**On brief:** *Plymale & Dingus, LLC*, and *Ronald E. Plymale*, for appellee Richard Lewis, Jr. **Argued:** *Ronald E. Plymale.*

**On brief:** *Earl, Warburton & Adams, Inc.*, and *Christopher R. Walsh*, for appellant. **Argued:** *Christopher R. Walsh.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Jasmine Moore, appeals from a judgment of the Franklin County Court of Common Pleas that dismissed the claims against her without prejudice. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On July 24, 2015, plaintiff-appellee, Richard Lewis, Jr., acting pro se, filed suit against appellant and Alfa Insurance Corporation ("Alfa"). In his complaint, appellee alleged he sustained injuries to his body, as well as damages to his 2007 Lincoln MKZ, as a direct result of a collision caused by appellant. The complaint was served by certified mail on appellant and Alfa at "P.O. Box 2128[,] Brentwood, TN 37024-2128."

(Summons.)  The record contains two United States Postal Service notices indicating that "Jeff Alexander" received and signed for the complaint at that address on August 3, 2015. Appellee indicated at the top of his complaint that the "[d]ate of loss" was "12/16/13." (Complaint at 2.)

{¶ 3}  On August 18, 2015, Alfa and appellant each filed separate answers.  Both answers denied appellee's claims and asserted several defenses.  Appellant specifically asserted the defense of "insufficiency of service of process and insufficiency of process" as well as "lack of personal jurisdiction over this answering [d]efendant."  (Answer at 2.) Appellant ultimately stated that "having fully answered the Complaint of Plaintiff[], prays that same may be dismissed and that she may go hence and recover her costs of suit herein."  (Answer at 3.)

{¶ 4}  On December 11, 2015, appellant and Alfa jointly filed an initial identification of witnesses.  On April 11, 2016, appellant and Alfa jointly filed a notice of deposition of appellee, and, on April 13, 2016, appellant and Alfa jointly filed an amended notice of deposition of appellee.  On July 21, 2016, the case was referred to a magistrate to preside over a jury trial scheduled for December 6, 2016.

{¶ 5}  On August 5, 2016, appellant filed a motion to dismiss the complaint, pursuant to Civ.R. 3, alleging that appellee had failed to commence this action within the time provided by law.  Specifically, appellant argued that (1) she has never resided or maintained a post office box in Tennessee, (2) appellee requested service of the complaint of both her and Alfa at Alfa's post office box in Brentwood Tennessee, (3) at the time of the filing of the complaint, she was living in Columbus, Ohio, and (4) she never received any complaint of summons from the Franklin County Court of Common Pleas related to this case.  Appellant moved for dismissal with prejudice of the complaint for failure to commence the case by serving her within one year from the filing of the complaint.

{¶ 6}  On August 18, 2016, appellee, pro se, filed a memorandum contra and conceded that he had served appellant at the address of Alfa.  Appellee stated that he was now aware of appellant's address and would serve the complaint on her at that address if permitted to do so.  Appellee argued that the clerk was at fault for not informing him that service on appellant had "failed" and that, as a consequence, the rules should be liberally construed to permit appellee to serve appellant.  Appellee argued the case should not be dismissed with prejudice. On August 22, 2016, appellant filed a reply memorandum noting that her answer had specifically notified appellee that she had never been served

and rejecting appellee's argument that the rules should be liberally construed to permit service.

{¶ 7}   On October 19, 2016, the trial court granted appellant's motion to dismiss. The court noted that Civ.R. 3(A) was the rationale for dismissing appellant's claims, but Civ.R. 12(B)(2) served as the vehicle for effectuating the dismissal.  The court rejected appellee's argument that the lack of service was the clerk's fault, but, nevertheless, determined that "justice requires this case be dismissed without prejudice so that the plaintiff may have the opportunity to refile his claims if he so chooses."  (Decision and Entry at 3.)  Appellant timely appealed the trial court's decision and entry.

## II.  Assignments of Error

{¶ 8}   Appellant assigns the following two assignments of error for our review:

> I. The Trial Court erred to the prejudice of Defendant Jasmine Moore when it failed to dismiss the Plaintiff's Complaint with prejudice.

> II. The Trial Court erred to the prejudice of Defendant when it construed the motion to dismiss as a motion pursuant to Ohio Rule of Civil Procedure 12(B)(2) rather than Ohio Rule of Civil Procedure 3.

## III.  Discussion

{¶ 9}   "Civ.R. 3(A) states that '[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant.'  Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio."  *Shah v. Simpson*, 10th Dist. No. 13AP-24, 2014-Ohio-675, ¶ 9, citing *Deutsche Bank Natl. Trust Co. v. Boswell*, 192 Ohio App.3d 374, 2011-Ohio-673, ¶ 15  (1st Dist.); *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59 (10th Dist.1995).  Our standard of review of a dismissal due to lack of personal jurisdiction is de novo.  *Id.*, citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551.

{¶ 10} In support of her second assignment of error, which we will address first, appellant argues (1) that failure to commence an action within the time provided by law is not specifically enumerated as a Civ.R. 12(B) defense, and (2) that Civ.R. 3(A) is "in essence, a statute of limitations issue," and therefore it stands on its own under Civ.R. 3(A).  (Appellant's Brief at 11.)  Therefore, according to appellant, it was error to construe

her motion to dismiss as a motion pursuant to Civ.R. 12(B)(2) rather than pursuant to Civ.R. 3(A). On the facts of this case, we reject both arguments.

{¶ 11} "In order for a court to acquire personal jurisdiction through service of process, a plaintiff must complete adequate service of process upon a defendant within one year from the date the plaintiff files a complaint. Civ.R. 3(A). Lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process are affirmative defenses. Civ.R. 12(B)(2), (4) and (5)." *Confidential Servs., Inc. v. Dewey*, 10th Dist. No. 98AP-905 (Apr. 15, 1999). Here, the trial court dismissed the case pursuant to Civ.R. 12(B)(2), "lack of jurisdiction over the person."[1]

{¶ 12} On numerous occasions, this court has affirmed a trial court's dismissal, pursuant to Civ.R. 12(B)(2), (4) or (5), for failure to perfect service within the one-year period set forth in Civ.R. 3(A). *See Craig v. Reynolds*, 10th Dist. No. 14AP-125, 2014-Ohio-3254; *Shah*; *Sheets v. Sasfy*, 10th Dist. No. 98AP-539 (Jan. 26, 1999); *Coke v. Mayo*, 10th Dist. No. 98AP-550 (Feb. 4, 1999); *In re Moore*, 14 Ohio App.3d 264 (10th Dist.1984), syllabus. Therefore, we disagree with appellant that the defense asserted in appellant's motion to dismiss is not a Civ.R. 12(B) defense.

{¶ 13} In addition, although appellant argues that Civ.R. 3(A) is a statute of limitations issue, she did not assert a statute of limitations defense below, or in her appellate brief before us, or what statute of limitations would apply to appellee's claim.[2] Therefore, on the facts of this case, we disagree with appellant that the trial court should have construed Civ.R. 3(A) in the context of a statute of limitations defense. Accordingly, we overrule appellant's second assignment of error.

{¶ 14} In her first assignment of error, appellant argues the trial court erred by not dismissing appellee's complaint "with prejudice." In support, appellant points to

---

[1] It is not necessary for us to determine whether the trial court erred in dismissing the case pursuant to subdivision (B)(2), rather than subdivision (B)(4) or (B)(5), because appellant does not argue that the alleged error committed was due to the subdivision applied. Rather, appellant argues the dismissal should have been pursuant to Civ.R. 3(A) standing on its own. Furthermore, appellee did not appeal or file a cross-assignment of error alleging the trial court erred by dismissing the case pursuant to Civ.R. 12(B)(2).

[2] *In Knotts v. Solid Rock Ents.*, 2d Dist. No. 21622, 2007-Ohio-1059, ¶ 49, the Second District recognized that Civ.R. 3(A) can be grounds for two types of defenses, insufficiency of process and statute of limitations. "[Appellee] did not raise the defense of insufficiency of service of process in its responsive pleadings or in a motion filed prior thereto. That failure waives the *defense of insufficiency of process* in relation to the second amended complaint that Knotts filed with respect to the one-year service requirement of Civ.R. 3(A) on which the motion for summary judgment relied. *State ex rel. Corrigan v. Gillon* (1980), 64 Ohio St.2d 135, 136, 413 N.E.2d 828; Civ.R. 12(B), (H)(1). The waiver likewise applies to [appellee's] *statute of limitations defense*, which in its application is dependent on a failure of service required by Civ.R. 3(A)." (Emphasis added.)

*Saunders v. Choi*, 12 Ohio St.3d 247 (1984), and *Schafer v. Sunsports Surf Co., Inc.*, 10th Dist. No. 06AP-370, 2006-Ohio-6002. *Saunders* and *Schafer*, however, differ from the case before us. In both those cases, the plaintiff's complaint had previously been dismissed once before,[3] and the court determined it was proper to dismiss with prejudice the refiled complaint. Here, the complaint had not been previously dismissed. The complaint had not been refiled. Consequently, we do not find *Saunders* or *Schafer* to be dispositive.

{¶ 15} Civ.R. 41(B)(4) states:

> **Failure other than on the merits**. A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits:
>
> (a) lack of jurisdiction over the person or the subject matter.

{¶ 16} Pursuant to Civ.R. 41(B)(4), a dismissal for lack of personal jurisdiction operates as an adjudication "otherwise than on the merits." A dismissal with prejudice is treated as an adjudication on the merits. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 69 (1990). A dismissal without prejudice is an adjudication otherwise than on the merits. *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2. Therefore, here, where the trial court dismissed the complaint pursuant to Civ.R. 12(B)(2),[4] for lack of jurisdiction over the person, the court did not err in dismissing the case without prejudice.

{¶ 17} This conclusion is supported by the Supreme Court of Ohio's holding in *Thomas*. In *Thomas*, the Supreme Court affirmed a trial court's dismissal, without prejudice, pursuant to Civ.R. 41(B)(4) and 4(E), of a complaint where the plaintiff had failed to perfect service. The court held:

> Having determined that where a defendant has not been served, a court does not have jurisdiction over the defendant, we find, in applying the maxim *expressio unius est exclusio alterius*, that such a dismissal would be *otherwise than on*

---

[3] In *Saunders*, the previous dismissal was without prejudice, pursuant to Civ.R. 41(B)(1), for failure to prosecute. *Id.* at ¶ 1. In *Schafer*, the previous dismissal was voluntary. *Id.* at ¶ 2.

[4] We are aware this court has held that " '[i]t is apparent that dismissals for insufficiency of process or insufficiency of service of process are not among the dismissals which Rule 41(B)(4) provides shall operate as failures otherwise than upon the merits.' " *DiCello v. Palmer*, 10th Dist. No. 79AP-402 (Feb. 12, 1980), quoting *Howard v. Allen*, 28 Ohio App.2d 275, 278 (10th Dist.1971), *modified on different grounds* in *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380 (2002). Because the trial court dismissed the case, pursuant to Civ.R. 12(B)(2), it is not necessary at this time to consider the precedent set in *DiCello*.

*the merits* pursuant to Civ.R. 41(B)(4) to the exclusion of Civ.R. 41(B)(3) (adjudication on the merits) despite the fact that a trial court's entry may be silent on the issue. This is because Civ.R. 41(B)(4) provides an *exception* to the general rule that an entry dismissing a case pursuant to Civ.R. 41(B) that does not indicate otherwise is an adjudication on the merits. Civ.R. 41(B)(3). In other words, where a case is dismissed because the court did not have jurisdiction, such as in this case where service has not been perfected, the dismissal is always otherwise than on the merits. Therefore, Civ.R. 41(B)(4) is the controlling subsection.

(Emphasis sic.)  *Id.* at 225. Although *Thomas* addressed dismissal on grounds of Civ.R. 41(B)(4) and 4(E),[5] whereas in the instant case the dismissal was on grounds of Civ.R. 12(B)(2) and 3(A), we find the same rationale applies here.

{¶ 18} On the facts of this case, where this is an original complaint and where appellant did not argue a specific statute of limitations applicable to appellee's claims, the trial court did not err in dismissing the complaint without prejudice.  Accordingly, we overrule appellant's first assignment of error.

---

[5] In *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549, 551 (1991), the Supreme Court considered the application of Civ.R. 3(A) in a different context, but commented that had the trial court applied Civ.R. 4(E), it would not have been necessary to consider Civ.R. 3(A):

"It is unfortunate that this case demands resolution of a situation that would have been avoided had the Civil Rules been applied by the trial court below.  Civ.R. 4(E) states: 'Summons: time limit for service. If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. * * *'

This rule is designed to clear the dockets of cases in which a plaintiff has not pursued service upon a defendant. In most instances, the rule would be applied when a plaintiff has neglected to again attempt service after original service of process fails. It is beyond question that the rule should have been applied in the instant action where the clerk was instructed to refrain from attempting service. The trial court should have dismissed Goolsby's complaint without prejudice because service was not attempted. Goolsby would then have been required to refile, and presumably would not have done so until the desire to serve Anderson also arose."

The same sentiment applies to the case at bar.

{¶ 19} Finally, we note that appellee has asserted that the savings statute at R.C. 2305.19[6] permits him to refile this case.  We decline to address this issue, but note the Supreme Court has indicated that when a court dismissed a case for lack of service under Civ.R. 41(B)(4), the plaintiff may utilize the savings statute to refile within one year, "providing all other procedural requirements of the savings statute have been met." *Thomas* at paragraph two of the syllabus.  The parties did not address the procedural requirements of the savings statute here or below.[7]  Furthermore, neither the parties nor the trial court has addressed whether the action was "attempted to be commenced" as required.  *See La Barbera v. Batsch*, 10 Ohio St.2d 106, 112 (1967) ("before an action may be recommenced under Section 2305.19, Revised Code, it must first have been commenced or *attempted to be commenced*, within the meaning of [R.C.] 2305.17").  (Emphasis added.)  Therefore, at this time, we will not consider the same.

## IV.  Conclusion

{¶ 20} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

————————

[6] R.C. 2305.19 states: "(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."

[7] Despite not addressing the issue below or in briefing before this court, in her notice of supplemental authority, appellant cites to *Anderson v. Borg-Warner Corp.*, 8th Dist. No. 80551, 2003-Ohio-1500, and argues that the savings statute does not apply. However, we do not find this case controlling as the dismissal therein was on grounds that the statute of limitations had expired. The trial court here did not dismiss on statute of limitations grounds, but, rather, for lack of jurisdiction over the person. Appellant also refers to *Lewis v. Hayes*, 10th Dist. No. 08AP-574, 2009-Ohio-640. Unlike the case before us, *Lewis* involved a re-filed complaint as well as application of Civ.R. 15(D) regarding a John Doe plaintiff.